■ SAMUEL STECKLER, Appellant, v. BEN FABRIKANT, Respondent, et al., Defendants.— In an action to foreclose a chattel mortgage, the appeal is from an order which grants respondent's motion for summary judgment and denies appellant's cross motion for similar relief. Order modified by striking from the first ordering paragraph the word "granted" and by substituting therefor the word "denied", and by striking from said order everything following the word "denied" in the second ordering paragraph. As so modified, order unanimously affirmed, without costs. The record sufficiently establishes that appellant's mortgage, not having been filed in New York County where the mortgaged property was situated, was void as against creditors of the mortgagor (Lien Law, §§ 230, 232). It does not conclusively appear, however, whether respondent's status is now that of a creditor, armed with a judgment and legal process authorizing seizure of the property, and thus in a position to question appellant's mortgage (cf. *Button* v. *Rathbone, Sard & Co.,* 126 N. Y. 187; *Sanford* v. *Boland,* 287 N. Y. 431, 436) or whether his status is merely that of a subsequent mortgagee, whose mortgage was given for a past consideration, and whose rights as a creditor were surrendered and merged in his mortgage. If he occupies the latter status, he is not a subsequent mortgagee in good faith and for a fair consideration within the meaning of section 230 of the Lien Law. (*Thompson* v. *Van Vechten,* 27 N. Y. 568, 581; *Button* v. *Rathbone, Sard & Co., supra; Diana Paper Co.* v. *Wheeler-Green Elec. Co.,* 228 App. Div. 577, 579.) The issues may be more adequately developed and determined on a trial. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ BENJAMIN B. STERLING, Appellant, v. SEYMOUR W. MILLER et al., Respondents.— In an action by a substituted attorney to establish an equitable lien on a fee received by his successor, the respondent Miller, pursuant to written agreements, the appeal is from so much of an order which on reargument denies a motion for summary judgment to strike out the answers or to strike therefrom the affirmative defenses, pursuant, respectively, to rule 113 and subdivision 6 of rule 109 of the Rules of Civil Practice. Order modified by striking therefrom the second and third ordering paragraphs and by substituting therefor a provision that the motion for summary judgment be granted. As so modified, order affirmed, with $10 costs and disbursements to appellant. No triable issues were raised. The agreement between the appellant and the respondent Miller to split fees was valid and enforcible, regardless of respondents' claim that appellant, after obtaining the original retainer, contributed negligibly towards the earning of the fee, especially since there is no claim that appellant ever refused to contribute more substantially. (*Fried* v. *Cahn,* 239 App. Div. 213.) The agreements were in writing and were couched in unambiguous terms. The construction of the agreements was a matter of law for the court. (*Brainard* v. *New York Cent. R. R. Co.,* 242 N. Y. 125.) There is no basis for the contention that the original retainer terminated with the dismissal of the petition in the United States Court of Claims. Appellant's lien attached to the legal fee even though the fee became payable as the result of a settlement after the dismissal and an application to the Supreme Court of the United States for a writ of certiorari. (*Matter of Wise,* 172 App. Div. 491.) The agreements did not violate the Federal Assign ment of Claims Act (U. S. Code, tit. 31, § 203) which sanctions assignments of claims against the United States Government only when specified conditions have been met. This statute is "for the protection of the Government and not for the regulation of the equities of the claimants as between themselves." (*McKenzie* v. *Irving Trust Co.,* 323 U. S. 365, 369, affg. 292 N. Y. 349.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.