■    Janice D. Oberman, Appellant, v Peter M. J. Reilly et al., Individually and as Partners under the Name of O'Hagan, Reilly & Gorman, Respondents and Third-Party Plaintiffs-Respondents. Brian J. Oberman, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County, entered February 22, 1978, unanimously affirmed. Defendants-respondents and third-party plaintiffs-respondents shall recover of appellant $75 costs and disbursements of this appeal. Plaintiff, as assignee, appeals from an order which denied her motion for summary judgment in this action to recover legal fees alleged to be improperly retained by defendants, who represented her in the underlying negligence action. Plaintiff had been injured in an automobile accident which occurred in August, 1969. Allegedly at the instance of Brian Oberman, an attorney who was her fiancé, she retained defendant's predecessor, O'Hagan & Reilly, to represent her in the negligence suit. Plaintiff and Oberman were subsequently married. Prior to institution of this action, Oberman assigned to plaintiff his share of the legal fees, admittedly to avoid payment of income taxes on his share of the fee. The parties dispute the circumstances under which the retainer was executed. One retainer dated September 16, 1969, lists both Mr. Oberman and defendants' predecessor as cocounsel. Defendants claim that Oberman's name was added to the retainer at a later date, evidenced by the fact that the original retainer filed with the Judicial Conference does not contain his name. In addition, Oberman has produced still a third retainer agreement, dated October 28, 1969, which lists only Oberman as counsel. It is undisputed that that retainer was never filed with the Judicial Conference. Although the existence of the various retainers invites further inquiry, that circumstance is not dispositive. Undisputed is the fact that defendants' predecessor wrote to Oberman on July 14, 1970, confirming their understanding that upon recovery in the negligence action "whether by suit, settlement or otherwise, you are to receive one-half of the attorneys' fee in this matter." The letter was signed by Peter Reilly and consented to by Brian Oberman. Although defendants do not deny that the letter was sent, establishing an equal division between the attorneys as to any fee recovered, defendants in their answer assert by way of counterclaim a cause of action to rescind the letter agreement upon the ground that Oberman did not contribute any work, labor or services in the prosecution of the underlying negligence action. Whether or not Oberman actually performed any services in connection with the negligence action cannot be disposed of on this record. The papers submitted before Special Term are insufficient to decide the issue as a matter of law. Although defendants have failed to submit affidavits by persons with requisite knowledge of the facts as required (CPLR 3212, subd [b]), the moving papers are inadequate to finally dispose of

the issue. Conspicuously absent is an affidavit from Mr. Oberman setting forth the specific services rendered by him in the negligence suit. A further factual issue exists in relation to plaintiff's claim for treble damages under section 487 of the Judiciary Law, founded on plaintiff's assertion that defendants, with intent to deceive, convinced plaintiff to indorse the check in the sum of $825,519.63, representing the proceeds of the negligence suit, on the representation that one half of the legal fee due to Mr. Oberman would be included in the distribution to plaintiff. The validity of plaintiff's claim in this regard cannot be disposed of upon motion, but must await the trier of the facts. Accordingly, we are in agreement with the determination of Special Term that factual issues exist which cannot be disposed of in advance of trial. Whether or not Oberman performed any services in connection with the underlying action cannot be decided on this record. However, we do not agree with Special Term's holding that if Oberman is entitled to a share of the fee it is to be based on the respective amount of work done by him in relation to the services performed by defendants. Special Term was in error in finding that the legal fee would be divided between the attorneys upon a *quantum meruit* basis. On the contrary, the law is clear that an agreement between attorneys for division of a legal fee is valid and is enforceable in accordance with the terms set forth in the agreement, provided that the attorney who seeks his share of the fee contributed some work, labor or service toward the earning of the fee *(Jontow v Jontow,* 34 AD2d 744; *Sterling v Miller,* 2 AD2d 900, affd 3 NY2d 778). We observed in this connection in *Jontow* (34 AD2d 744-745, *supra):* "In view of the fact that there was a written agreement between the appellant and the respondent to divide their fee equally, and the fact that the appellant did perform services for the plaintiff, it was error for the trial court to set the fees in question on a *quantum meruit* basis. Where there is an express contract for compensation an action will not lie for *quantum meruit* * * * Nor is an agreement between attorneys to divide a fee prohibited by the Canons of Ethics where both contributed toward the earning of the fee". Therefore, if there was an agreement between Oberman and defendants to share the fee equally, Oberman, or plaintiff as his assignee, is entitled to an equal division of the fee upon appropriate proof that Oberman performed some work, labor or services which contributed toward the earning of the fee. Concur—Silverman, J. P., Fein, Markewich and Sandler, JJ.