■ JESSE LEV, Respondent, v SPENCER LADER, Respondent, and PEGALIS & WACHSMAN, P. C., Appellant.—In a proceeding pursuant to CPLR 5225 and 5227, the appeals are (1) from an order of the Supreme Court, Nassau County (Brucia, J.), dated March 20, 1984, which directed that this matter be set down for trial upon the filing of a note of issue by petitioner, and (2) as limited by appellant's brief, from stated portions of an order of the same court, entered May 25, 1984, which, inter alia, upon reargument, adhered to its original determination and denied that branch of appellant's motion which sought an opportunity to conduct discovery.

Appeal from the order dated March 20, 1984 dismissed, without costs or disbursements. That order was superseded by the order entered May 25, 1984, made upon reargument.

Order entered May 25, 1984 modified, by deleting so much thereof as denied that branch of appellant's motion as sought discovery and substituting therefor a provision granting that branch of the motion, and adding a provision granting that branch of appellant's motion which sought leave to interpose an answer, upon which Special Term failed to rule. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. The answer is to be served within 20

days after service upon appellant of a copy of the order to be made hereon, with notice of entry, and appellant shall complete discovery within 60 days of said service. The matter shall remain on the Trial Calendar, but the trial itself is stayed until the expiration of the period for discovery provided for herein.

Special Term did not abuse its discretion in construing petitioner's order to show cause and accompanying papers as a petition (CPLR 403 [d]; *Matter of Reich v Power,* 30 AD2d 925, *affd sub nom. Matter of Reich v Lisa,* 22 NY2d 887; *Morgan v Morgan,* 95 AD2d 593). In determining the sufficiency of a petition, the court may consider the affidavits submitted therewith in order to facilitate the swift adjudication intended to be achieved by way of a special proceeding (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C402:1, p 483; Siegel, NY Prac § 552, at 769). When read together, the petitioner's order to show cause and the moving papers in support thereof notify appellant with sufficient particularity of the transactions petitioner intends to prove, as well as the elements of his claim, as is required by CPLR 3013.

We do find, however, that under the circumstances of this case, appellant should be permitted to interpose an answer (CPLR 404) and afforded the opportunity to conduct discovery. The brief period provided for discovery herein does not run afoul of the policies of CPLR article 4 favoring swift adjudication of special proceedings (CPLR 408). In accordance with that end, we further direct that this matter remain on the Trial Calendar pending completion of discovery. Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.