■ In the Matter of the Estate of ERMA FULLER, Deceased. ADELE WEINBERGER, Appellant; BARON & VESEL, P. C., Respondent.—In a proceeding to allocate an award of attorneys' fees between the attorney of record and the retained trial counsel for legal representation of the decedent in actions to recover damages for medical malpractice and wrongful death, Adele Weinberger appeals from so much of an order of the Surrogate's Court, Queens County (Laurino, S.), dated March 25, 1985, as denied her application for one third of the attorneys' fees awarded to the petitioner Baron and Vesel, P. C., with respect to the settlement of the decedent's cause of action to recover damages for wrongful death, failed to award interest on the amount of attorneys' fees awarded to her with respect to the settlement of the decedent's cause of action to recover damages for medical malpractice, and granted the petitioner's cross motion for summary judgment dismissing her claims for punitive damages.

Order modified, on the law, by deleting the third and fourth decretal paragraphs thereof, and substituting therefor a provision directing the petitioner to pay to the appellant one third of the total amount of attorneys' fees awarded in the settlement of both causes of action, together with interest from November 15, 1983. As so modified, order affirmed, with costs to the appellant.

"[T]he law is clear that an agreement between attorneys for division of a legal fee is valid and is enforceable in accordance with the terms set forth in the agreement, provided that the attorney who seeks his share of the fee contributed some work, labor or service toward the earning of the fee" *(Oberman v Reilly,* 66 AD2d 686, 687, *appeal dismissed* 48 NY2d 654). This is not to say, however, that the fee must be divided between the attorneys on a strict quantum meruit basis. In the instant case, the services rendered by the deceased attorney, the husband of the appellant, Adele Weinberger, pursuant to the referral agreement between him and the petitioner, were equally applicable to both the medical malpractice and wrongful death causes of action. The appellant is, therefore, entitled to one third of the total amount of attorneys' fees

awarded as part of the settlement agreement. Moreover, pre-decision interest from the date of the Surrogate's decree awarding attorneys' fees to the petitioner should have been granted (see, CPLR 5001 [a], [b]; *Matter of Aaron,* 30 NY2d 718, 719-720). Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.