■ SANFORD A. ROZALES, Respondent, v PEGALIS & WACHSMAN, P. C., Appellant. (Proceeding No. 1.) LOUIS Q. MARETT, Respondent, v PEGALIS & WACHSMAN, P. C., Appellant. (Proceeding No. 2.)—In two consolidated proceedings to compel the appellant to account for and pay to the petitioners any and all legal fees due and owing to each of the petitioners, respectively, the appeals are from two orders of the Supreme Court, Kings County (Scholnick, J.), both dated March 28, 1985, which granted the appellant's respective cross motions to dismiss each proceeding only to the extent of consolidating the two proceedings, and referring both proceedings to a Referee to hear and determine.

Ordered that the orders are modified, by adding a provision granting those branches of the appellant's cross motions

which requested, as alternative relief, that the appellant have discovery. As so modified, the orders are affirmed, without costs or disbursements. The appellant shall complete discovery within 60 days after service upon it of a copy of this decision and order, with notice of entry.

The petitioners' pleadings, which allege that the appellant is presently in possession of funds belonging to Spencer Lader, a disbarred attorney, the petitioners' judgment debtor, in that the appellant had already received legal fees on cases referred to it by Lader and the petitioner Rozales, Lader's former law partner, meet the pleading requirements of CPLR 5225 (b) and 5227 *(see, Oil City Petroleum Co. v Fabac Realty Corp.,* 50 NY2d 853; *Gelbard v Esses,* 96 AD2d 573). The appellant's respective cross motions to dismiss the special proceedings must be denied if the petitions state any fact establishing a prima facie entitlement to relief *(see, Matter of Lack v Kreiner,* 91 AD2d 813). Here, whether or not Lader and/or his former firm are entitled to the funds in the appellant's possession is an issue to be determined by the Referee at a hearing *(see, Vanderbilt Credit Corp. v Chase Manhattan Bank,* 100 AD2d 544; *Yeh v Seakan,* 119 Misc 2d 681, 686). We note that where there is proof that the referring attorney performed some work, labor or services which contributed toward the earning of the legal fee, a fee-splitting arrangement between attorneys is not void and unenforceable as against public policy *(see, Oberman v Reilly,* 66 AD2d 686; *Bohm v Holzberg,* 69 Misc 2d 469), especially where there is no claim that the referring attorney ever refused to contribute more substantially toward the earning of the fee *(see, Sterling v Miller,* .2 AD2d 900, *affd* 3 NY2d 778).

Finally, we find that under the circumstances, the appellant should have been afforded an opportunity to conduct discovery, and have so provided herein *(see, Lev v Lader,* 115 AD2d 522). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.