■ A. STANLEY PRONER, P. C., Respondent, v JULIEN & SCHLESINGER, P. C., Individually and as Successor to JULIEN, SCHLESINGER & FINZ, P. C., Appellant.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered August 7, 1986, which granted plaintiff summary judgment in lieu of complaint pursuant to CPLR 3213 in the total amount of $82,119.02, including interest plus costs and disbursements, unanimously reversed, on the law, the motion denied and the judgment vacated, without costs. Plaintiff is directed to serve

a complaint within 20 days of the date of service of a copy of this order, and the defendant is to serve its responsive papers within 20 days thereafter. The appeal from the order of the same court, entered July 31, 1986, directing entry of said judgment, is dismissed as subsumed in the appeal from the judgment, without costs.

This action concerns a dispute between two law firms over the division of a fee. Plaintiff firm alleges that it was retained by one Eugene Abis and his wife Esther to represent them in a medical malpractice action against the Albert Einstein College of Medicine. After reviewing the claim, plaintiff referred the matter to the defendant firm, pursuant to an agreement that the attorney's fees would be divided on a 50%-50% basis. Plaintiff alleges that its principal, A. Stanley Proner, Esq., participated in the prosecution of the action and "was consulted from time to time."

Shortly before the case was reached for trial, defendant law firm hired an attorney, who had previously been associated with its firm, to act as trial counsel. This was done without consultation with plaintiff and without plaintiff's consent. The case was eventually settled in December 1984 for $450,000. The closing statement, filed with the Office of Court Administration pursuant to 22 NYCRR 603.7, indicates that in accordance with a contingency retainer agreement, the net amounts paid to counsel from this recovery were $107,941.95 to defendant firm, $35,750 to Mr. Kaplen, the trial counsel, and $6,308.05 for disbursements.

Plaintiff thereafter sought to recover its share of these attorney's fees by commencement of the instant action for accelerated judgment by way of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The motion was premised upon a copy of the letter agreement whereby the parties agreed to share equally in the attorney's fees. Plaintiff also submitted a copy of the closing statement showing that the total attorney's fees in the underlying action were $143,691.95 and claimed that it was due one half of the entire total fee, specifically $71,845.97, by virtue of the terms of the letter agreement.

Defendant firm submitted opposing papers asserting several defenses to the motion. Among them, as pertinent here, are claims that the letter agreement to share fees does not constitute an "instrument for the payment of money only" so as to qualify for the accelerated treatment of CPLR 3213, and that a question of fact existed as to whether the fee paid to outside trial counsel should be included in plaintiff's share of the fee.

The IAS court held that the letter agreement, since it "required the defendants to make certain payments and nothing else", qualified as an instrument for the payment of money only pursuant to CPLR 3213. The court also held that the defendants' opposing papers, executed by persons without personal knowledge of the facts, contained only conclusory allegations insinuating without a firm evidentiary basis several defenses to the merits of plaintiff's claim, and thereby were insufficient to raise a triable issue of fact to defeat summary judgment. The court did not expressly address the issue of how the payment of a fee to outside trial counsel was to be treated, but since plaintiff was awarded the full amount requested, it is evident that the court did not deduct any part of the trial counsel's fee from plaintiff's one-half share of the total fee.

Because we find that the letter agreement between the parties is not an "instrument for the payment of money only" qualifying for the accelerated judgment provisions of CPLR 3213, we reverse.

CPLR 3213 is designed to afford a speedy and efficient remedy by which to secure a judgment in certain cases where service of formal papers would be unnecessary for the expeditious resolution of the dispute between the parties. This accelerated procedure, however, is limited solely to an action based either upon an instrument for the payment of money only or upon a judgment. To qualify for CPLR 3213 treatment, plaintiff must prove a prima facie case by the instrument and a failure to make the payments called for by its terms. *(Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19; *Interman Indus. Prods. v R. S. M. Electron Power,* 37 NY2d 151; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617.)

While at first blush the uncomplicated letter agreement here at issue might appear to be an instrument suited for the accelerated judgment provisions of CPLR 3213, it must bear closer scrutiny because it is an agreement between attorneys to share a fee. In light of the sensitive ethical considerations involved, an agreement between attorneys for division of a legal fee will be upheld as valid and enforceable in accordance with the terms set forth in the agreement *provided that the attorney who seeks his share of the fee contributed some work, labor or service toward the earning of the fee. (Oberman v Reilly,* 66 AD2d 686, *lv dismissed* 48 NY2d 654; *see also, Jontow v Jontow,* 34 AD2d 744; *Bohm v Holzberg,* 69 Misc 2d 469; *Carter v Katz, Shandell, Katz & Erasmous,* 120 Misc 2d

1009.) In this case, therefore, plaintiff's entitlement to a recovery under the agreement requires proof, dehors the agreement, that he performed some work which contributed towards the earning of the fee. *(Oberman v Reilly, supra.)*

Since proof of performance by plaintiff of a condition outside the agreement is necessary before defendant's obligation to pay becomes enforceable, the instant letter agreement cannot be said to set forth the kind of simple unconditional promise to pay which would render it "an instrument for the payment of money only". Notwithstanding that the record appears to contain the requisite proof of plaintiff's performance of the condition, the use of the expedited procedures provided by CPLR 3213 is not available where, as here, the character of the instrument relied upon does not meet the express statutory requirement that it be "for the payment of money only". *(Maglich v Saxe, Bacon & Bolan, supra; Haug v Metal City Findings Corp.,* 47 AD2d 837.) Accordingly, plaintiff must proceed in the regular course.

To clarify any doubt which may arise, we note that the IAS Judge properly concluded that no part of the fee paid to outside trial counsel should be deducted from the share to which plaintiff, should it prevail, is entitled under the terms of the agreement here in question. Absent a specific provision to the contrary, an attorney, such as defendant, to whom the case is referred for purposes of handling it to final disposition will ordinarily be held responsible for absorbing the cost of any additional legal services, such as those of outside trial or appellate counsel, incurred in the course of attaining that final disposition. *(See, Gair, Gair & Conason v Stier,* 123 AD2d 556, *lv denied* 69 NY2d 606.) Concur—Sandler, J. P., Ross, Asch, Kassal and Ellerin, JJ.