■ CHARLES H. CLARK, Plaintiff, v VINCENT E. VICINANZO, Respondent, and PAUL L. WOLLMAN, Appellant.—Mercure, J. Appeal from a judgment of the Supreme Court (White, J.), entered May 19, 1988 in Montgomery County, upon a decision of the court, without a jury, in favor of defendant Vincent E. Vicinanzo dismissing all cross claims against him.

Plaintiff, an attorney, commenced this action in 1983 claiming one third of the counsel fees earned in an action to recover for the death of a young girl and serious injury sustained by her sister in a tent fire. After a lengthy trial and subsequent appeal to this court (see, Rush v Sears, Roebuck & Co., 92 AD2d 1072), the parties settled that action (hereinafter the Rush case or action) for $1,814,672.60, generating a fee to the girls' attorney of over $600,000. Counsel of record for the girls in the Rush action was the firm of Vicinanzo and Wollman. Defendant Paul L. Wollman became associated with defendant Vincent E. Vicinanzo in 1971. It is undisputed that they had an oral fee arrangement in effect throughout their 10-year association which provided that Wollman would receive a salary plus 50% of the fees generated by any work he brought into the law firm.

Shortly after the April 1973 fire, the father of the two seriously burned girls requested that plaintiff represent him in the Rush action. After conducting a preliminary investigation, plaintiff, a general practitioner, decided to refer the case to an attorney with products liability trial experience. After a series of conversations concerning the circumstances of the Rush case with Wollman, plaintiff eventually asked him whether the firm of Vicinanzo and Wollman would be willing to handle the action. Wollman told plaintiff that he would have to discuss the case with Vicinanzo, since Vicinanzo handled all the negligence cases for the firm. Ultimately, after talking to plaintiff and then the girls' father, Vicinanzo agreed to take the Rush case and prosecuted the matter to its April 1983 conclusion.

Responding to plaintiff's lawsuit,[1] Wollman asserted cross claims against Vicinanzo alleging entitlement to a 50% share of the total fee under the terms of their oral agreement, contending that he brought the Rush action into the law firm, or upon the alternative theories that Vicinanzo and he were

1. Plaintiff's claim was settled during trial for the sum of $115,000.

partners[2] and that Vicinanzo was unjustly enriched. After the nonjury trial, Supreme Court rejected all of Wollman's claims. This appeal ensued.

We begin by noting that the agreement between Vicinanzo and Wollman, although not reduced to writing, can support a claim for the division of fees (see, Carter v Katz, Shandell, Katz & Erasmous, 120 Misc 2d 1009; see also, Sable v Fuchsberg, 128 AD2d 692, 693; Oberman v Reilly, 66 AD2d 686, 687, appeal dismissed 48 NY2d 602). The issue thus distills to whether the evidence establishes that Wollman, in fact, brought the case into the firm.

Although this court's authority is as broad as that of the trial court in reviewing a verdict after a nonjury trial (Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499) and we may render the judgment we find warranted by the facts (supra), we must give due deference to the trial court in matters of credibility (supra; see, D. C. Leathers v Gelmart Indus., 125 AD2d 738, 739; Merrill Transp. Co. v State of New York, 97 AD2d 921). Here, Vicinanzo and Wollman sharply disagree as to whether Wollman's efforts brought about the Rush referral. Wollman contends that the evidence demonstrates that he had several conversations with plaintiff, ultimately resulting in the Rush referral. Wollman further testified that Vicinanzo instructed him to "get the case". Vicinanzo concedes that plaintiff and Wollman had some conversations regarding the matter, but denies that he ever told Wollman to "get the case". Vicinanzo testified that the Rush action was not actually brought into the office until the girls' father phoned him. Further, Vicinanzo argues that the disbursements for the case were handled in accordance with the usual procedure for his own cases, negating any claim by Wollman that he had an expectation of sharing in the fee.

Clearly, the evidence is conflicting and contradictory and characterized by self-serving statements by the parties. In view of Supreme Court's advantage of seeing the witnesses and assessing their credibility, we find no reason to disturb the factual resolution of the issue in Vicinanzo's favor. Although we find no direct support in the record for Supreme Court's finding that plaintiff referred the case to Vicinanzo based on his reputation as an experienced trial attorney, we nonetheless conclude from our review of the record that Wollman failed to meet his burden of showing that the client

2. Wollman does not pursue this theory on appeal.

was obtained as a result of his efforts. Moreover, Wollman's failure to assert his claim for the fees for some nine months after the Rush case was settled does not militate in his favor.

Two other matters merit brief discussion. Since Wollman's claim is predicated on the existence of an agreement, Supreme Court properly rejected any recovery on a quantum meruit basis (see, Jandous Elec. Constr. Corp. v City of New York, 88 AD2d 821, affd 57 NY2d 848; Oberman v Reilly, 66 AD2d 686, 687, supra). Finally, Wollman's cross claim for unjust enrichment was properly dismissed because Wollman failed to establish that Vicinanzo was holding any funds unjustly or without authority (see generally, 22 NY Jur 2d, Contracts, § 448, at 377-380; see, e.g., Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421).

Judgment affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.