**15** JOSEPH HEDAYA, Appellant, v AUDREY HEDAYA, Respondent.—Judgment of the Supreme Court, New York County (Martin B. Stecher, J.), entered on or about March 30, 1989, which granted defendant's motion substituting, nunc pro tunc, the ancillary administrator of defendant's estate as party defendant and confirmed the report of the Special Referee dated March 21, 1984, awarding defendant the sum of $16,844.90 plus interest, is unanimously affirmed, with costs and disbursements.

The instant divorce action was settled by stipulation entered in open court on September 17, 1980, with the stipulation being incorporated but not merged into the judgment of divorce entered on October 2, 1980. The stipulation provided, *inter alia,* that plaintiff was to submit to his employer's health insurance carrier all medical bills on behalf of defendant, provide proof of such submission to defendant's attorney, and make all effort to maintain defendant on his health insurance. At the time of the stipulation, defendant was undergoing chemotherapy treatments for cancer. She died on December 31, 1981. A hearing with respect to the issue of payment of medical bills was thereafter held before a Special Referee. By report dated March 21, 1984, the Referee determined that plaintiff had breached the stipulation by inadvertently allow-

ing medical coverage to lapse as a result of his change of employment from full-time employee to consultant and also by generally failing to comply with the submission procedure. The Referee found plaintiff liable for defendant's submitted medical bills less payments made by Blue Cross/Blue Shield. The ancillary administrator of defendant's estate moved for substitution as party defendant, nunc pro tunc, and to confirm the Referee's report. The court granted the motion, concluding that there was no prejudice to plaintiff. We agree. In that regard, the court did not abuse its discretion in allowing the substitution in the absence of any showing of prejudice *(Egrini v Brookhaven Mem. Hosp.,* 133 AD2d 610). Confirmation of the Referee's report was also warranted based upon the evidence elicited at the hearing. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.