■ MELISSA WITT, an Infant, by SHEILA WITT, Her Mother and Natural Guardian, et al., Appellants, v LOUIS COHEN et al., Defendants, and BRUCE BENENFELD, Nonparty Respondent. [596 NYS2d 117] —In an action to recover damages for personal

injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Krausman, J.), entered March 18, 1991, which, *inter alia,* granted the non-party respondent's motion to confirm the report of the Referee upholding a fee sharing agreement and denied their cross motion to set aside the report.

Ordered that the order is affirmed, with costs payable by the Fuchsberg & Fuchsberg Law Firm.

The Supreme Court properly confirmed the report of the Referee. There was ample evidence to support the Referee's determination that the attorney Bruce Benenfeld should be paid his share of the attorneys' fees generated by the underlying personal injury action *(see, Clark v Vicinanzo,* 151 AD2d 951; *Rozales v Pegalis & Wachsman,* 127 AD2d 577; *Namer v 152-54-56 E. 15th St. Realty Corp.,* 108 AD2d 705).

A valid fee sharing agreement existed between Benenfeld and the Fuchsberg & Fuchsberg Law Firm, the attorneys of record. It is well established that an agreement between attorneys for the division of a legal fee is valid and enforceable in accordance with the terms set forth in the agreement so long as the attorney who seeks his share of the fee has contributed " 'some work, labor or service toward the earning of the fee' " *(Gore v Kressner,* 157 AD2d 575, quoting *Oberman v Reilly,* 66 AD2d 686, 687; *see, Frank & North v Metnick,* 157 AD2d 616; *A. Stanley Proner, P. C. v Julien & Schlesinger,* 134 AD2d 182; *Rozales v Pegalis & Wachsman,* 127 AD2d 577, *supra; Matter of Fuller,* 122 AD2d 792; *Oberman v Reilly, supra).* We are satisfied that Benenfeld provided sufficient services towards earning the fee. Although the plaintiffs contend that they were not informed of the fee sharing agreement pursuant to the Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12), there was testimony from several witnesses that the plaintiffs were so informed. The Referee properly exercised his discretion in crediting these witnesses' testimony as compared with that of the plaintiffs *(see, Oberman v Reilly,* 66 AD2d 686, *supra).* Further, under the circumstances of this case, we agree with the Referee's determination that Benenfeld's share in the attorneys' fees posed no ethical problems *(see, Rodriguez v City of New York,* 109 AD2d 692, *revd on other grounds* 66 NY2d 825; *Carter v Katz, Shandell, Katz & Erasmous,* 120 Misc 2d 1009). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.