■ NIGRO, D'ANNA & UTRECHT, P. C., Respondent, v ALLISON C. COLLARD, Appellant. [617 NYS2d 862] —In an action to recover damages for breach of a fee-sharing agreement, the defendant appeals (1) from so much of an order of the Supreme Court, Queens County (Milano, J.), dated January 27, 1993, as denied that branch of his motion which was for summary judgment dismissing the complaint, and (2) from so much of an order of the same court, dated April 21, 1993, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated January 27, 1993, is dismissed, as that order was superseded by the order dated April 21, 1993, made upon reargument; and it is further,

Ordered that the order dated April 21, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff's action to recover damages for breach of contract is premised upon the defendant's alleged failure to remit a portion of a client's fee to the plaintiff in contravention of a purported fee-sharing agreement between the parties. The defendant moved, inter alia, for summary judgment dismissing the complaint on the ground that the claim is barred by the Statute of Limitations (see, CPLR 213 [2]). As the proponent of the motion, the defendant was required to come forward with proof demonstrating prima facie his entitlement to judgment as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). The defendant failed to sustain this burden, since the papers submitted in support of his motion did not indicate when he received payment from the

client and when he failed to share the fee with the plaintiff. Therefore, the date of accrual of the plaintiff's contract claim and the issue of whether the action was timely commenced cannot be determined as a matter of law on this record *(see generally, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68).

In any event, the plaintiff submitted evidence in opposition to the motion which indicated that legal services were performed by the plaintiff in connection with the representation of the client up until the resolution of the client's case in 1991. Accordingly, the plaintiff has raised triable issues of fact with regard to both the Statute of Limitations issue and the defendant's contention that the plaintiff performed no services and thus is barred by DR 2-107 (A) (2) of the Code of Professional Responsibility (22 NYCRR 1200.12 [a] [2]) from sharing in the fee *(see generally, Witt v Cohen,* 192 AD2d 528; *Nicholson v Nason & Cohen,* 192 AD2d 473). The question of whether and to what extent such legal services were performed must await a determination at trial. Mangano, P. J., Thompson, Sullivan and Miller, JJ., concur.