■ PHYLLIS REICH, Respondent, v WOLF & FUHRMAN, P.C., et al., Appellants. [828 NYS2d 562]—

In an action to enforce an agreement to share attorney's fees, the defendants appeal (1) from an order of the Supreme Court, Queens County (Polizzi, J.), dated June 7, 2005, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment dismissing the complaint, (2) from a judgment of the same court entered July 21, 2005, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $89,777, and (3), as limited by their brief, from so much of an order of the same court dated November 4, 2005 as denied those branches of their motion which were to vacate the prior order dated June 7, 2005 and the prior judgment entered July 21, 2005 on the ground that the plaintiff Phyllis Reich lacked the capacity to prosecute the action on behalf of the estate of Arthur Reich.

Ordered that the appeal from the order dated June 7, 2005 is dismissed; and it is further,

Ordered that the judgment entered July 21, 2005 is affirmed; and it is further,

Ordered that the order dated November 4, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In September of 1998 Nelson Cardona retained the defendant law firm, Wolf & Fuhrman (the predecessor to the defendant

Wolf & Fuhrman, P.C.), for the purpose of commencing a personal injury action on his behalf. Cardona had been referred to Wolf & Fuhrman by the decedent, Arthur Reich, an attorney who was not associated with Wolf & Fuhrman in any manner. Wolf & Fuhrman, as attorneys of record, subsequently commenced a personal injury action on Cardona's behalf, which, after four years of litigation, was settled for the sum of $825,000. Thereafter, Phyllis Reich, as the executrix of the estate of Arthur Reich, commenced the instant breach of contract action seeking to enforce a fee-sharing agreement that had been entered into between the decedent and Wolf & Fuhrman in November 1998.

The Supreme Court granted the plaintiff's motion for summary judgment, denied the defendants' cross motion for summary judgment dismissing the complaint, and awarded the plaintiff the sum of $89,777. A judgment thereafter was entered in accordance with the order.

The defendants subsequently moved, inter alia, to vacate the order and the judgment on the ground that the preliminary letters testamentary issued to Phyllis Reich as executrix had expired as of the time the motion and cross motion for summary judgment were made and decided. The Supreme Court denied the motion, finding that the defendants had waived this objection by failing to raise it in opposition to the plaintiff's motion for summary judgment, and that new letters testamentary had since been issued to Phyllis Reich, thereby curing any lapse in her capacity to pursue the action.

In fee-sharing disputes between attorneys, "the courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either refused to contribute more substantially" (*Benjamin v Koeppel,* 85 NY2d 549, 556 [1995]). This Court has held that such an agreement is enforceable so long as the attorney who seeks his share of the fee "has contributed some work, labor or service toward the earning of the fee" (*Witt v Cohen,* 192 AD2d 528, 529 [1993] [internal quotation marks and citation omitted]; *Rozales v Pegalis & Wachsman,* 127 AD2d 577, 578 [1987]). Here, the Supreme Court correctly determined, based upon the evidence presented, that the plaintiff's decedent contributed some work, labor, or service toward the earning of the fee. Thus, the plaintiff was entitled to the decedent's share of the fee as allocated in the agreement (*see Edelstein v Pirrotti,* 286 AD2d 660 [2001]; *Sickmen v Birzon, Szczepanowski & Quinn,* 276 AD2d 689 [2000]).

Contrary to the defendants' contentions, the Supreme Court

properly denied their motion to vacate the order and the judgment on the ground that Phyllis Reich lacked the legal capacity to pursue the litigation. The defendants claim that there was a temporary lapse in her representative capacity when the preliminary letters testamentary issued by the Surrogate's Court had expired. However, this lapse was cured by the issuance of new letters testamentary, and waived by the defendants when they actively participated in the litigation, raising no objection to the defect in capacity which was a matter of public record in the Surrogate's Court (*see e.g. City of New York v State of New York,* 86 NY2d 286, 292 [1995]). Moreover, the defendants failed to make a showing of prejudice as a result of this technical defect (*see Hedaya v Hedaya,* 160 AD2d 625 [1990]; *Nieves v 331 E. 109th St. Corp.,* 112 AD2d 59 [1985]; *Absmeier v United States Fid. & Guar. Co.,* 45 AD2d 856 [1974]). Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.