■ WOLFE & YUKELSON, PLLC, Respondent, v DAVIS, SAPERSTEIN & SALOMON, P.C., Appellant. [61 NYS3d 548]—

In an action to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered March 26, 2015, as denied its motion for summary judgment dismissing the complaint, (2), as limited by its brief, from so much of an order of the same court entered June 2, 2015, as, upon reargument, in effect, vacated its original determination in the order entered March 26, 2015, denying the plaintiff's cross motion for summary judgment on the complaint, and thereupon granted the cross motion, and (3) from a judgment of the same court entered July 15, 2015, which is in favor of the plaintiff and against it in the principal sum of $208,257.94.

Ordered that appeals from the orders entered March 26, 2015, and June 2, 2015, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant, Davis, Saperstein & Salomon, P.C., represented Jorge Angamarca in a personal injury action (hereinafter the Angamarca action) in the Supreme Court, New York County, against, among others, Jefferson Townhouses, LLC (hereinafter Jefferson), the owner of the property where Angamarca was injured in a construction-related accident. Jefferson was insured by Imperium Insurance Company, formerly known as Delos Insurance Company, formerly known as Sirius America Insurance Company (hereinafter Imperium), and Imperium retained the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP (hereinafter Wilson Elser) to defend Jefferson in the Angamarca action. Following the entry of a judgment after a jury trial in the Angamarca action in favor of Angamarca and against Jefferson, Jefferson appealed and Angamarca cross-appealed to the Appellate Division, First Judicial Department. While that appeal was pending, Marc Saperstein, a partner of the defendant, contacted Bruce Yukelson, a partner of the plaintiff, Wolfe & Yukelson, PLLC, and Jefferson's corporate attorney, to propose that Jefferson assign to Angamarca Jefferson's claims against Imperium for bad faith and against Wilson Elser for legal malpractice relating to their failure to offer the policy limits in settlement of the Angamarca action. On November 23, 2009, the defendant sent the plaintiff a written fee-sharing agreement whereby the plaintiff would receive a fee "to assist with the prosecution of those claims." On January 28, 2010, Jefferson assigned to Angamarca its claims against Imperium and Wilson Elser for failing to settle the Angamarca action for the limits of both

policies by executing an assignment agreement. The assignment agreement included a covenant by Angamarca that he would not execute the excess portion of the judgment against Jefferson. By decision and order entered June 21, 2011, the Appellate Division, First Department, modified the judgment by vacating the awards for past and future pain and suffering, and directing a new trial on damages for past and future pain and suffering unless Jefferson stipulated to increase the awards for those damages (*Angamarca v New York City Partnership Hous. Dev. Fund, Inc.*, 87 AD3d 206 [2011]). Although Jefferson was granted leave to appeal to the Court of Appeals, on November 30, 2011, Angamarca and Imperium, on its own behalf and on behalf of Jefferson, settled the Angamarca action. The settlement included the settlement of the claims that were the subject of the fee-sharing agreement.

In October 2012, upon the defendant's denial of the plaintiff's request for payment pursuant to the fee-sharing agreement, the plaintiff commenced this action to recover damages for breach of contract seeking to enforce the fee-sharing agreement. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint and the plaintiff's cross motion for summary judgment on the complaint. Thereafter, the court granted the plaintiff's motion for leave to reargue its prior cross motion for summary judgment and, upon reargument, granted the cross motion, finding that since the defendant violated rule 1.5 (g) of the Rules of Professional Conduct (22 NYCRR 1200.0), it could not seek to void the fee-sharing agreement by which it agreed to be bound and of which it received the benefit. A judgment thereafter was entered in favor of the plaintiff and against the defendant in the principal sum of $208,257.94.

The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In fee-sharing disputes between attorneys, "the courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either refused to contribute more substantially" (*Benjamin v Koeppel*, 85 NY2d 549, 556 [1995] [internal quotation marks omitted]). This Court has held that such an agreement is enforceable as long as the attorney who seeks his or her share of the fee "has contributed

some work, labor or service toward the earning of the fee" (*Witt v Cohen*, 192 AD2d 528, 529 [1993] [internal quotation marks omitted]; *see Reich v Wolf & Fuhrman, P.C.*, 36 AD3d 885, 886 [2007]; *Rozales v Pegalis & Wachsman*, 127 AD2d 577, 578 [1987]). Here, the Supreme Court correctly determined that the plaintiff provided sufficient legal services toward the earning of the fees generated by settlement of the claims at issue. Contrary to the defendant's contention, the commencement of a bad faith action against Imperium or a legal malpractice action against Wilson Elser was not a condition precedent to recovery under the fee-sharing agreement. Thus, the court, upon reargument, properly determined that the plaintiff established its prima facie entitlement to a share of the legal fee as allocated in the fee-sharing agreement (*see Reich v Wolf & Fuhrman, P.C.*, 36 AD3d at 886; *Edelstein v Pirrotti*, 286 AD2d 660 [2001]; *Sickmen v Birzon, Szczepanowski & Quinn*, 276 AD2d 689 [2000]).

In opposition to the cross motion, the defendant failed to raise a triable issue of fact. Moreover, the defendant, which is bound by the same Rules of Professional Conduct (22 NYCRR 1200.0) as the plaintiff, cannot be heard to argue that the fee-sharing agreement and the obligations thereunder must be voided on ethical grounds, when it freely agreed to be bound by, and received the benefit of, the same agreement, particularly since there is no indication that the client was in any way deceived or misled (*see Samuel v Druckman & Sinel, LLP*, 12 NY3d 205, 210 [2009]; *Benjamin v Koeppel*, 85 NY2d 549, 556 [1995]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, upon reargument, granted the plaintiff's cross motion for summary judgment on the complaint, and entered judgment in favor of the plaintiff and against the defendant in the principal sum of $208,257.94. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.