Caspi v Weinberg (2020 NY Slip Op 06093)





Caspi v Weinberg


2020 NY Slip Op 06093


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-04623
 (Index No. 518335/16)

[*1]Avi Caspi, respondent,
v
Gary Weinberg, et al., appellants.


Auciello Law Group, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Davidoff Hutcher & Citron LLP, New York, NY (Joshua S. Krakowsky and Larry Hutcher of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 12, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability on the eighth cause of action, which was to recover damages for breach of contract.
ORDERED that the order is affirmed, with costs.
In September 2014, the plaintiff, Avi Caspi, and the defendant Gary Weinberg, both personal injury attorneys and solo practitioners, entered into a fee-sharing agreement to resolve certain disputes between them. In October 2016, the plaintiff commenced this action against Weinberg and the defendant Law Offices of Gary R. Weinberg, P.C., inter alia, to recover damages for breach of the fee-sharing agreement.
We agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability on the eighth cause of action, which was to recover damages for breach of the fee-sharing agreement. The plaintiff established his prima facie entitlement to a share of legal fees allocated in the fee-sharing agreement and, in opposition, the defendants failed to raise a triable issue of fact (see Marin v Constitution Realty, LLC, 28 NY3d 666; Wolfe & Yukelson, PLLC v Davis, Saperstein & Salomon, P.C., 153 AD3d 585).
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court