Greene v Kevin D. Greene, LLC (2020 NY Slip Op 06760)





Greene v Kevin D. Greene, LLC


2020 NY Slip Op 06760


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-09234
 (Index No. 510212/14)

[*1]Keith B. Greene, etc., respondent, 
v
Kevin D. Greene, LLC, et al., defendants, New York Community Bancorp, Inc., etc., appellant.


Stagg Terenzi Confusione & Wahnik, LLP, Garden City, NY (Jacqueline M. Della Chiesa of counsel), for appellant.
Kristian K. Larsen, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendant New York Community Bancorp, Inc., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 1, 2018. The order granted the plaintiff's motion to extend the time to file a note of issue and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it for lack of capacity to sue.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant New York Community Bancorp, Inc., which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff in his capacity as executor of the estate of Cora Sample, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, with one bill of costs to the appellant.
The plaintiff was the grandnephew of the decedent, Cora Sample. On March 9, 2011, the Supreme Court, Kings County, adjudicated the decedent to be incapacitated and appointed the plaintiff as guardian of her person and property. On April 8, 2011, the decedent and the plaintiff executed an irrevocable trust agreement naming the plaintiff as trustee. The decedent transferred title to a three-family residence, and other property, to the trust, for the benefit of her heirs. Also on April 8, 2011, the decedent executed a will naming the plaintiff as executor and devising any remaining property to the trust. After the decedent's death, the Surrogate's Court issued preliminary letters testamentary to the plaintiff, which expired on November 16, 2012. In an order dated December 17, 2012, the Surrogate's Court declined to extend the preliminary letters, and appointed the Public Administrator as temporary administrator of the decedent's estate.
On October 30, 2014, the plaintiff commenced this action in his capacities as the executor of the decedent's estate and as trustee of the decedent's trust. In April 2018, the plaintiff moved for an extension of time to file a note of issue. The defendant New York Community Bancorp, Inc. (hereinafter NYCB), cross-moved for summary judgment dismissing the complaint insofar as asserted against it for lack of capacity to sue. In an order dated June 1, 2018, the Supreme [*2]Court granted the plaintiff's motion, and denied NYCB's cross motion on the ground that the documents NYCB submitted in support of the cross motion were not certified and, thus, inadmissible. NYCB appeals.
We agree with NYCB that the Supreme Court erred in denying its cross motion on the ground that the documents it relied upon were not certified. "[A] court should not examine the admissibility of evidence submitted in support of a motion for summary judgment unless the nonmoving party has specifically raised that issue in its opposition to the motion" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202; see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54). Here, the plaintiff did not dispute the admissibility of the documents submitted by NYCB in support of its cross motion, most of which were provided by the plaintiff himself during discovery. Therefore, the court should not have denied the cross motion on this ground not raised by the parties (see Misicki v Caradonna, 12 NY3d 511, 519).
Legal proceedings for or against an estate may only be prosecuted by or against a personal representative of the estate, in a representative capacity (see EPTL 11-3.1, 11-4.1). "A personal representative is a person who has received letters to administer the estate of a decedent" (EPTL 1-2.13; see SCPA 103[20]; Rodriguez v River Val. Care Ctr., Inc., 175 AD3d 432, 433; Lake v New York Hosp. Med. Ctr. of Queens, 119 AD3d 843, 843-844; Reich v Wolf & Fuhrman, P.C., 36 AD3d 885). Here, the plaintiff's preliminary letters testamentary expired prior to the commencement of this action and the plaintiff did not obtain new letters thereafter. Accordingly, the plaintiff lacked capacity to sue on behalf of the decedent's estate, and the Supreme Court should have granted that branch of NYCB's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff in his capacity as executor of the decedent's estate (see EPTL 11-3.1, 1-2.13; SCPA 103[20]; Reich v Wolf & Fuhrman, P.C., 36 AD3d at 885).
However, NYCB failed to meet its prima facie burden of demonstrating that the plaintiff lacked capacity to sue as trustee of the decedent's trust. NYCB contends that the decedent lacked the mental capacity to create the irrevocable lifetime trust naming the plaintiff as trustee since she had previously been adjudicated incapacitated, and thus the plaintiff lacked capacity to sue as trustee. NYCB is correct that the mental capacity necessary to create an irrevocable lifetime trust is the capacity to enter into a contract (see Matter of Lewis, 59 Misc 3d 1217[A] [Sur Ct, Kings County]; Matter of Donaldson, 38 Misc 3d 841, 843-844 [Sur Ct, Richmond County]; Matter of ACN, 133 Misc 2d 1043, 1046-1047 [Sur Ct, New York County]; cf. Matter of Cuttitto Family Trust, 10 AD3d 656, 657; Matter of Williams, 2018 NY Slip Op 32497[U], **7-8 [Sur Ct, New York County], affd 172 AD3d 514). However, the plaintiff, as the guardian of the decedent's person and property, had the power to make contracts and to create trusts on behalf of the decedent (see Mental Hygiene Law § 81.29[a], [b]; 81.21[a][5], [6]). Accordingly, NYCB failed to establish that the trust was invalid such that the plaintiff lacked capacity to maintain this action as trustee, and we agree with the Supreme Court's determination denying that branch of NYCB's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it by the plaintiff in his capacity as trustee of the decedent's trust.
NYCB raises no arguments concerning the plaintiff's motion to extend the time to file a note of issue.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court