John J. O’Brien, J.
Plaintiff commenced an action against the defendant to recover damages for personal injuries sustained in a fall in a parking lot located at the rear of an apartment building owned by the defendant in the Village of Scotia, New York. The complaint alleges that the defendant was the lessee of the parking area. Defendant’s answer consisted of a general denial of all allegations in the complaint. At the examination before trial defendant testified that he was in fact the owner of the apartment building where plaintiff resided but that the parking lot was owned by the G. E. VanVorst Company, Incorporated. Defendant further testified that he was the president of the said corporation and that whoever rented an apartment in his apartment building had the privilege of using the parking lot which was maintained by the VanVorst Company. Plaintiff now moves for permission to serve an amended complaint adding G. E. VanVorst Company, Incorporated, as a party defendant in this action.
*503 It is generally accepted that the CPLR is designed to encourage a liberalized procedure under which mistakes, defects, or irregularities which do not affect a substantial right of a party may be cured simply by amendment or other specified procedures. CPLR 3025 (subd. [b]) provides in substance that a party may amend or supplement his pleading at any time by leave of the court and that leave shall be freely given, upon such terms as may be just. The courts, however, have traditionally drawn a distinction between a correction which merely effects a change of name and a correction which amounts to a change of parties. The latter correction obviously involving the problem of the court acquiring jurisdiction over the added party. In the case of Ivy Courts Realty Co. v. Barker (71 Misc. 460) the court held that an amendment to a complaint that is intended merely to identify the plaintiff is allowed to the plaintiff. In the ease of New York State Monitor Milk Pan Assn. v. Remington Agric. Works (89 N. Y. 22) the court held that the provision in the Code of Civil Procedure in regard to amendments did not authorize the striking out of the name of a sole defendant in an action, and the insertion in lieu thereof of the names of other persons as defendants.
In the instant case, plaintiff seeks permission to serve an amended complaint adding another party defendant. At first glance this would appear to create a problem of jurisdiction over the new party. Testimony of the individual defendant Millard at the examination before trial, however, developed the fact that he is the president of the corporation which plaintiff now seeks to add as a party defendant. In addition to this relationship between the individual defendant and the proposed corporate defendant, the testimony of Millard indicated that plaintiff had rented an apartment from Millard as an incident of said rental agreement plaintiff was given permission by Millard to use a parking area adjacent to the apartment building. The plaintiff was not informed that the parking area actually belonged to the proposed corporate defendant.
In view of the relationship between the individual defendant and the proposed corporate defendant, the court finds that the proposed corporate defendant was fairly apprised of the fact that it was intended to be affected by the proceedings. Plaintiff is permitted to serve an amended complaint adding Gf. E. Van Vorst Company, Incorporated, as a party defendant. The corporate defendant shall have 20 days from service of the amended complaint to answer or otherwise move with regard to the complaint.