■ In the Matter of ROCHESTER URBAN RENEWAL AGENCY, Respondent. TRIANGLE NEWS, INC., Doing Business as DUNDALK NEWS COMPANY, Appellant.

We reject respondent's contention that it was not properly served. EDPL 402 (B) (2) provides for service of the notice of petition by certified mail. Petitioner caused a notice of petition to be served by certified mail upon Dundalk News at 8 South Avenue, Rochester, New York. Respondent had filed with the Secretary of State a certificate stating that it was doing business at 8 South Avenue, Rochester, New York, under the assumed name of Dundalk News. Having adopted the name Dundalk News, respondent cannot contend that it was not fairly apprised that it was the party the notice was intended to affect. Thus, the misnomer, if any, in the notice of petition was not a jurisdictional defect, but only an irregularity which could be amended or disregarded (*see,* CPLR 2001; *Stuyvesant v Weil,* 167 NY 421, 425-426; *Pinto v House,* 79 AD2d 361, 365; *Richardson v Millard,* 58 Misc 2d 502, 503, *appeal dismissed* 33 AD2d 820). Since respondent was properly served, it is unnecessary to reach the constitutional question addressed by the parties.

Respondent, citing *Key Bank v Puliafico* (97 AD2d 966), contends that the court erred in granting the petition before service of the answer. *Key Bank,* however, involved an action governed by CPLR 3211 and not a special proceeding governed by CPLR 404. Under CPLR 3211 (f), upon the denial of a motion to dismiss, the defendant is automatically granted an extension of time to answer. Under CPLR 404 (a), upon the denial of a motion to dismiss, the court has discretion to grant or refuse permission to interpose an answer (*Matter of Dodge,* 25 NY2d 273). A proceeding under the EDPL has all of the characteristics of a special proceeding.

Moreover, it is not clear that the EDPL contemplates the usual preanswer motion practice. EDPL 402 (B) (4) does not specifically provide for a motion to dismiss and requires that new matter constituting a defense be set forth in the answer. Here, by its motion, respondent presumably raised all of the issues available to it, and since it did not demonstrate that there were any other issues it could raise by way of an answer, the court properly granted the petition. The court erred, however, in granting leave to answer after granting the petition. Because petitioner does not appeal from that part of the order granting leave to answer, we affirm without modification. We point out, however, that no issue can be raised by the answer where the order granting the petition has not been set aside (*see, Matter of*

*Public Serv. Commn.*, 167 App Div 908, *affd* 217 NY 61). (Appeal from order of Supreme Court, Monroe County, Fritsch, J. — condemnation.) Present — Dillon, P. J., Doerr, Denman, Boomer and O'Donnell, JJ.