■ LAWRENCE ROUEN, Plaintiff, v CHRYSLER CREDIT CORPORATION et al., Defendants. ZALMAN & SCHNURMAN, Nonparty Respondent; GORAYEB & CUYLER, Nonparty Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on September 27, 1990, which, *inter alia,* granted the motion of petitioner incoming attorneys to confirm the report of the Special Referee apportioning 85% of the total contingent fee recovered to incoming attorneys and 15% to respondent outgoing attorneys, unanimously affirmed, without costs.

Respondent outgoing attorneys have failed to demonstrate that the IAS court abused its discretion in confirming the report of the Special Referee with respect to apportionment of the total contingent fee recovered, given the proportional share of work performed on the case. *(See, Pearl v Metropolitan Transp. Auth.,* 156 AD2d 281; *Oberman v Reilly,* 66 AD2d 686.)* Although the outgoing attorneys commenced the action

by service of a summons and verified complaint, filed a bill of particulars, represented plaintiff at depositions, and accumulated various medical reports and hospital records, the record supports the determination of the IAS court that the incoming attorneys' contributions were far more significant. They conducted a complete investigation of the accident resulting in plaintiff's injuries, analyzed the various issues with respect to liability and damages, and engaged in extensive motion practice, before the matter went to trial. The incoming attorneys also spent approximately 13 days picking a jury and trying the case before a satisfactory settlement was reached. Concur —Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.