■ VENUS STINNETT, an Infant, by Her Mother and Natural Guardian, CARMEN STINNETT, et al., Plaintiffs, v SEARS ROEBUCK & COMPANY et al., Defendants. A. CHARLES D'AGOSTINO, Nonparty Appellant; KELNER & KELNER et al., Nonparty Respondents. [607 NYS2d 646] —Order, Supreme Court, New

York County (Beatrice Shainswit, J.), entered December 4, 1992, which, *inter alia,* granted the nonparty respondent Cascione, Chechanover & Purcigliotti, P. C.'s motion to confirm a report of a Special Referee to the extent of apportioning 10% of a certain disputed legal fee to nonparty appellant A. Charles D'Agostino, unanimously reversed, on the law, the amount of the fee awarded to D'Agostino is $13,830.62, to be paid by the firm of Kelner & Kelner without interest, within 10 days, without costs.

After A. Charles D'Agostino was retained by the plaintiffs to represent them in the underlying personal injury action, he filed a retainer statement with the Office of Court Administration (OCA) listing him as the attorney of record. He thereafter retained the firm of Cascione, Chechanover & Purcigliotti, P. C. ("Cascione") as trial counsel, pursuant to an oral agreement whereby the fee generated from the personal injury action was to be divided equally between the firms. Cascione also filed a retainer statement with OCA which indicated that it had been engaged by D'Agostino and that it was to process the case to completion and receive "1/2 net attorneys' fee." D'Agostino and the Cascione firm were subsequently discharged by the plaintiffs in the underlying action and the firm of Kelner & Kelner was substituted to prosecute the action. Pursuant to a stipulation, the Kelner firm was to receive two-thirds of the attorneys' fees generated upon the disposition of the case by settlement or verdict and D'Agostino and the Cascione firm were to receive the other one-third. Although D'Agostino maintains that the signature purporting to be his on the stipulation is a forgery, he does not dispute the provision apportioning the fee with the Kelner firm. He does, however, challenge any purported grant of a lien in favor of the Cascione firm.

After the personal injury action was settled prior to trial for $250,000, the fee to be shared by D'Agostino and the Cascione firm, $27,661.23, was deposited into Kelner's IOLA account. Although Kelner alleged that it sent a check in that amount, made payable to D'Agostino and Cascione, to D'Agostino on July 10, 1990, no cover letter indicating the mailing of the check or its return was produced. A second check in that amount, dated December 5, 1991, was sent to D'Agostino by the Kelner firm which, in an accompanying letter, wrote "[w]e regret the delay in forwarding payment to your office". D'Agostino returned the check.

D'Agostino then moved for an order, *inter alia,* directing

Kelner to pay him the sum of $27,661.23 with interest, and for an order directing the Cascione firm to relinquish any claim to the proceeds of his lien. The Supreme Court referred the matter to a Special Referee who found that both D'Agostino and the Cascione firm were the attorneys of record and that both were therefore entitled to a charging lien under Judiciary Law § 475. Although the Referee recommended that the fee be divided equally between D'Agostino and the Cascione firm in accordance with their agreement, the report stated that should the court decide to divide the fee on a quantum meruit basis, the D'Agostino firm should receive 10% of the fee based on the work it performed and the Cascione firm 90%. The Referee further found that D'Agostino was not entitled to interest since he had rejected Kelner's checks.

The Cascione firm moved to confirm the Referee's report and D'Agostino cross moved for an order rejecting it. The Supreme Court granted the motion to confirm the report and awarded 90% of the $27,661.23 fee to the Cascione firm and 10% to D'Agostino. It further ordered Kelner to make payment within 10 days, without interest, and denied D'Agostino's cross motion.

The order must be reversed. A lien is granted under Judiciary Law § 475 to the attorney of record (*Rodriguez v City of New York,* 66 NY2d 825; *Matter of Barnum v Srogi,* 96 AD2d 723). Although the Referee concluded that the Cascione firm was an attorney of record, the summons and complaint served in the underlying personal injury action as well as a stipulation extending the time to answer the complaint indicate that D'Agostino was the attorney of record and that the Cascione firm was "of counsel". Where a case such as this does not involve special circumstances or highly complex litigation, a party may not be represented by more than one attorney of record (*Dobbins v County of Erie,* 58 AD2d 733; *Matter of Kitsch v Riker Oil Co.,* 23 AD2d 502; *cf., Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900). Accordingly, no charging lien exists in favor of the Cascione firm.

Since the lien exists in D'Agostino's favor, the Supreme Court's authority was limited to determining the extent of its lien and to directing its payment. Unlike the situation in *Rouen v Chrysler Credit Corp.* (169 AD2d 656), relied on by the Supreme Court in awarding D'Agostino 10% of the fee on a quantum meruit basis, D'Agostino and the Cascione firm had an agreement pursuant to which the fee was to be divided equally. The fact that the agreement was oral does not make it unenforceable (*see, Clark v Vicinanzo,* 151 AD2d 951). In

any event, the written retainer agreement filed by the Cascione firm with OCA confirms the parties' agreement. It is well settled that such an agreement will be upheld according to its terms where the referring attorney " 'contributed some work, labor or service toward the earning of the fee' " *(Gore v Kressner,* 157 AD2d 575, *lv denied* 76 NY2d 701, quoting *Oberman v Reilly,* 66 AD2d 686, 687, *lv dismissed* 48 NY2d 654). It is undisputed that D'Agostino performed a portion of the work on the case. Therefore, D'Agostino is entitled to 50% of the amount held by Kelner, $13,830.62.

Since D'Agostino has failed to establish that he suffered any loss as a result of the Kelner firm's delay in forwarding payment, no interest is awarded. Concur—Carro, J. P., Rosenberger, Kupferman and Ross, JJ.