OPINION OF THE COURT
Martin Sghoenfeld, J.
Petitioner New York State Urban Development Corporation, doing business as Empire State Development Corporation (condemnor), commenced this Eminent Domain Procedure Law § 401 proceeding to acquire title to the real property located between 40th and 41st Streets immediately east of Eighth Avenue, running about halfway toward Seventh Avenue, in New York City (the site). Condemnor seeks the land for its 42nd Street Development Project — Site 8 South (the project), part of the widespread and well-known rejuvenation of Times Square. Citing EDPL 401 and 402 and CPLR 5519 (e), respondent West 41st Street Realty LLC (condemnee), which owns property on the site, now moves, pursuant to CPLR 404 (a), to dismiss the petition, or, alternatively, pursuant to CPLR 2201, to stay the proceeding. Three O Realty LLC, 632 Eighth Ave. Associates, LLC, and Romack Realty Corp., other owners of property on the site, join in support of condemnee. Condemnor now cross-moves to have the court declare condemnee’s motion a nullity because it was not made by counsel of record for condemnee.
For the reasons set forth herein, condemnee’s motion is denied, and condemnor’s cross motion is denied as moot.
Procedural Background
The project has already been the subject of several administrative and judicial decisions. On November 28, 2001, condemnor issued a “Determination and Findings” approving the project (exhibit C to exhibit D to affirmation in opposition of Susan Kalib). On or about December 28, 2001, condemnee and other property owners filed EDPL 207 (A) petitions in the Appellate Division, First Department, challenging the determination and findings. In an order dated February 19, 2002 (moving exhibit *292 A), that Court granted petitioners’ motion “for an order in the nature of a preliminary injunction against respondents staying any further condemnation proceedings with respect to the subject parcels pending hearing and determination of the original proceedings by this Court.” Thereafter, in a decision and order dated June 20, 2002 (Matter of West 41st St. Realty v New York State Urban Dev. Corp., 298 AD2d 1 [1st Dept]), the Appellate Division unanimously confirmed the condemnor’s determination and findings and dismissed the proceeding (at 3) and the petitions (at 7).
Subsequently, the parties herein took several procedural steps. On June 20, 2002, the date of the Appellate Division order, condemnor commenced the instant proceeding. On June 21 condemnor served a notice of entry of the Appellate Division order upon condemnee. On June 25 condemnee filed, in the Court of Appeals, a notice of appeal of the Appellate Division order. On June 26 condemnee submitted a proposed order to show cause to the Court of Appeals (moving exhibit D). The proposed order would have brought on a motion seeking a continuation of the Appellate Division’s February 19 stay, and it included a temporary restraining order to that effect. That same day, Associate Judge Richard C. Wesley denied the proposed order, without opinion. The next day, condemnee moved the full Court, by notice of motion (moving exhibit E), for a continuation of the Appellate Division’s stay and for a stay of any condemnation proceedings. That motion was submitted on July 8 and is still sub judice.
On July 10, 2002, pursuant to CPLR 404, condemnee filed the instant motion, which propounds two main arguments. First, condemnee claims that condemnor’s petition was premature because EDPL 401 (A) (3) provides that the condemnor may only commence proceedings after “entry of the final order or judgment on judicial review pursuant to section two hundred seven of this chapter.” Condemnee argues that because EDPL 207 (B) provides that the Appellate Division order is subject to review by the Court of Appeals, and because condemnee has actually appealed the decision, there has not been a “final order or judgment on judicial review.” Second, condemnee argues that the instant proceeding is premature *293 because CPLR 5519 (e) extended the stay issued by the Appellate Division on February 19, 2002.[1]
Discussion
Condemnee’s Motion to Dismiss or Stay
EDPL 401 (A), “Time for acquisition,” provides, in pertinent part, as follows: “The condemnor may commence proceedings under this article to acquire the property necessary for the proposed public project up to three years after conclusion of the later of * * * (3) entry of the final order or judgment on judicial review pursuant to section two hundred seven of this chapter.”
EDPL 207 provides, in pertinent part, as follows:
“(A) Any person or persons jointly or severally, aggrieved by the condemnor’s determination and findings made pursuant to section two hundred four of this article, may seek judicial review thereof by the appellate division of the supreme court * * * by the filing of a petition in such court within thirty days after the condemnor’s completion of its publication of its determination and findings pursuant to section two hundred four herein * * *
“(B) The jurisdiction of the appellate division of the supreme court shall be exclusive and its judgment and order shall be final subject to review by the court of appeals in the same manner and form and with the same effect as provided for appeals in a special proceeding. All such proceedings shall be heard and determined by the appellate division of the supreme court, and by the court of appeals, as expeditiously as possible and with lawful preference over other matters.”
Case law interpreting the interplay between EDPL 401 and 207 is sparse.[2] However, the Court of Appeals recently dismissed an appeal of an Appellate Division, Second Depart *294 ment, decision that affirmed a Supreme Court order granting a condemnation petition on the very same day that the Court dismissed the appeal of the Appellate Division’s decision in the EDPL 207 proceeding affirming the findings and determinations of the condemnor. (See Matter of New York City School Constr. Auth. [Congregation Gates of Prayer of Far Rockaway], 286 AD2d 441 [2d Dept 2001], lv dismissed 97 NY2d 637 [2001]; Matter of Congregation Gates of Prayer of Far Rockaway v New York City School Constr. Auth., 286 AD2d 439 [2d Dept 2001], lv dismissed 97 NY2d 637 [2001].) As the Court of Appeals let the Supreme Court’s condemnation decision stand, the Court presumably did not consider completion of judicial review under EDPL 207 a condition precedent to the institution of a proceeding under EDPL article 4 (albeit the parties may never have briefed the issue).
Condemnee argues (1) that the language of EDPL 401 provides both the starting, as well as the ending, time within which a condemnor may commence an EDPL article 4 proceeding, and (2) that the Appellate Division order was not “the final order or judgment on judicial review pursuant to” EDPL 207. Condemnee would have to prevail on both of these arguments to demonstrate that the instant proceeding is premature. This court finds the first argument to be somewhat persuasive but the second to be unavailing.
Although EDPL 401 (A) focuses on the latest time that a condemnor may bring a proceeding under article 4, the entire statutory framework suggests that such a proceeding would be premature if brought prior to the latter of the three triggering events set forth therein, which in our case is the Appellate Division’s original review of the findings and determination pursuant to EDPL 207. Furthermore, at least one court, albeit in dicta, reached this conclusion. (See Matter of Dowling Coll. v Flacke, 78 AD2d 551, 552 [2d Dept 1980].)
“The record indicates that the department has already acquired the subject property despite the fact that EDPL (401, subd [A]) requires the condemnor to await the entry of the final order of this court on judicial review before commencing proceedings to acquire the land. However, in light of our decision that acquisition by the State is proper, this question is now academic.”
Although the matter is close, this court finds that a condemnor may not bring an EDPL 401 special proceeding prior to the latter of “entry of the final order or judgment on judicial review *295 pursuant to” EDPL 207 or the other two events set forth therein.
There appears to be no dispositive case law addressing the question of whether a final decision and order by the Appellate Division in an EDPL 207 proceeding is a “final order or judgment on judicial review.” However, the statutes themselves may suggest an answer. EDPL 703 provides that “[t]he civil practice law and rules shall apply to practice and procedure in proceedings under this law except where other procedure is specifically provided by this law or rules governing or adopted by the appropriate court.” Furthermore, EDPL 207 (B) specifically provides that a judgment and order of the Appellate Division “shall be final subject to review by the court of appeals in the same manner and form and with the same effect as provided for appeals in a special proceeding.”
CPLR article 56 governs appeals to the Court of Appeals. CPLR 5611, entitled “When appellate division order deemed final,” states that “[i]f the appellate division disposes of all the issues in the action[3] its order shall be considered a final one * * * .” Appellate Division determinations of appeals of special proceedings are final even though they are appealable to the Court of Appeals as of right. (See Cabrini Med. Ctr. v Desina, 64 NY2d 1059, 1061 n [1985] [reversing Appellate Division’s affirmance of a Supreme Court order denying a permanent stay of arbitration].) As the Court of Appeals stated in Da Silva v Musso (76 NY2d 436, 440 [1990] [holding that knowledge of pending appeal did not deprive purchaser of real property of bona fide purchaser status in absence of notice of pendency]):
“It is elementary that a final judgment or order represents a valid and conclusive adjudication of the parties’ substantive rights, unless and until it is overturned on appeal. Furthermore, while an appeal from a final judgment or order may leave an inchoate shadow on the rights defined therein, those rights are nonetheless fully enforceable in the absence of a judicially issued stay pending disposition of the appeal.”
The Appellate Division, order noted (298 AD2d at 3) that EDPL 207 (C) limits its power of review in EDPL 207 proceedings to whether:
*296 “(1) the proceeding was in conformity with the federal and state constitutions,
“(2) the proposed acquisition is within the condemnor’s statutory jurisdiction or authority,
“(3) the condemnor’s determination and findings were made in accordance with procedures set forth in this article and with article eight of the environmental conservation law, and
“(4) a public use, benefit or purpose will be served by the proposed acquisition.”
The Court’s disposition of these issues, on its face, is final and unambiguous (id. at 7):
“Accordingly, the determination and findings of respondent New York State Urban Development Corporation, issued on or about November 30, 2001, which directed that respondent Empire State Development Corporation exercise its power of condemnation in order to acquire, as necessary, real property designated Site 8 South within the 42nd Street Project, should be confirmed, the applications brought pursuant to Eminent Domain Procedure Law § 207 denied and the petitions dismissed.”
This holding certainly was “final” in the sense that it resolved all issues before the court and completely determined the rights of the parties. Furthermore, this holding was a “final order” issued after a “judicial review.” (See EDPL 401 [A] [3] [“entry of the final order or judgment on judicial review”].)[4] Moreover, requiring a condemnor to wait an additional 30 days after an Appellate Division EDPL 207 review for a possible notice of appeal runs counter to the stated goal of EDPL 207 (B) that determinations proceed “as expeditiously as possible.”
Condemnee also cites EDPL 402 (B), entitled “Filing of acquisition maps; vesting,” for the proposition that condemnor’s institution of this proceeding is premature. That section provides as follows:
“(3) The condemnor shall present to the court a petition verified by an authorized officer of the condemnor setting forth:
*297 “(a) a statement providing either the compliance with the requirements of article two of this law, including a copy of the condemnor’s determination and findings or a statement providing the basis of exemption from article two.”
Condemnee’s argument that section 402 (B) (3) requires a condemnor to state in its condemnation petition that judicial review is complete is without merit. Article 2, by its language, clearly sets forth what the condemnor must do to acquire property under its power of eminent domain: “the condemnor * * * shall conduct a public hearing” (EDPL 201 [emphasis added]); “The condemnor * * * shall make its determination and findings concerning the proposed public project and shall publish a brief synopsis of such determination and findings * * * .” (EDPL 204 [A] [emphasis added].)
EDPL 207 (A), on the other hand, states that “[a]ny person * * * aggrieved by the condemnor’s determination and findings made pursuant to * * * this article, may seek judicial review thereof by the appellate division of the supreme court * * * .” (Emphasis added.) Thus, there is no requirement that judicial review be initiated, certainly not by the condemnor. Hence, EDPL 402 (B) (3) (a) does not require a statement that judicial review is final.
Lastly, condemnee argues that CPLR 5519 (e) extended the Appellate Division’s February 19, 2002 stay for five days after the entry of the Appellate Division order and, upon the filing of the notice of appeal within those five days, until five days after notice of entry of the order determining the appeal. CPLR 5519 (e) provides as follows:
“Continuation of stay. If the judgment or order appealed from is affirmed or modified, the stay shall continue for five days after service upon the appellant of the order of affirmance or modification with notice of its entry in the court to which the appeal was taken. If an appeal is taken, or a motion is made for permission to appeal, from such an order before the expiration of the five days, the stay shall continue until five days after service of notice of the entry of the order determining such appeal or motion.”
Hence, condemnee argues, in bringing the instant proceeding prior to having served a notice of entry of the Appellate Divi *298 sion order condemnor violated the extension of the Appellate Division’s stay.[5]
By its language, the statute only imposes a five-day extension when the “judgment or order appealed from is affirmed or modified.” Here, however, the Appellate Division affirmed the condemnor’s determination and findings, not a “judgment or order.” Murphy v County of Nassau (203 AD2d 339 [2d Dept 1994]), upon which condemnee relies, is inapposite, as there the Appellate Division affirmed an order of the Supreme Court. Furthermore, the instant proceeding is de novo, with its own index number, and completely separate from the Appellate Division’s original review of the findings and determination. Moreover, the Appellate Division, which issued the subject stay, and the Court of Appeals, to which condemnee has appealed the Appellate Division’s determination, and which can inquire into the merits of that appeal, are quite capable of issuing a stay if and to the extent they consider one warranted.[6] Thus, this court finds that CPLR 5519 (e) did not extend the Appellate Division’s February 19, 2002 stay for another five days after the issuance of the Appellate Division order.
Hence, for the reasons set forth above, condemnee’s motion to dismiss pursuant to CPLR 404 (a) and to stay pursuant to CPLR 2201 is denied.
This court notes that upon denial of a CPLR 404 (a) motion to dismiss a petition, the court “may” allow respondents to interpose an answer. (CPLR 404 [a]; see Matter of Dodge, 25 NY2d 273, 286 [1969] [affirming lower court’s decision to deny respondent permission to answer after rejection of respondent’s objection in point of law]; Matter of Rochester Urban Renewal Agency, 110 AD2d 1086, 1087 [4th Dept 1985] [holding that EDPL 401 proceeding is a special proceeding to which CPLR 404 (a) applies].)
By its motion, condemnee could have, and presumably did, raise all of the objections available to it, and it has not demonstrated, either at oral argument or in its submissions, that it could raise any others by way of an answer. Moreover, the interest of expediency weighs against prolonging this proceeding by entertaining superfluous pleadings. Therefore, the court *299 holds that condemnee and all other adverse parties joining in the motion shall not be permitted to interpose an answer to the petition.
Condemnor’s Cross Motion
In its cross motion condemnor argues that this court should disregard condemnee’s motion to dismiss because it was not made by counsel of record for condemnee. The notice of motion states that it is being made by Davis Polk & War dwell. Condemnor alleges that the firm of Goldstein, Goldstein, Rikon & Gottlieb, P.C. (Goldstein) first appeared on behalf of condemnee by a notice of appearance served on April 4, 2002. Condemnor further alleges that Goldstein appeared on behalf of condemnee by an affirmation in opposition to the petition served on July 3, 2002.[7]
Condemnee argues in opposition that because this proceeding involves “special circumstances for highly complex litigation,” the one counsel per party rule does not apply. (See Stinnett v Sears Roebuck & Co., 201 AD2d 362 [1st Dept 1994].) Although the dual representation issue is quite interesting, this court need not and does not reach it; in light of today’s denial, on the merits, of the motion to dismiss or stay, the representation issue is moot.[8]
Analysis
Ideally, the various procedures by which condemnation is effected should balance the condemnor’s need for efficiency and expediency with the condemnee’s rights to a full, fair, and final adjudication prior to the taking of property. The procedures discussed above provide for an administrative determination of the advisability and legality of a project requiring condemnation; an opportunity to go before the Appellate Division to challenge the administrative determination; optional review by the Court of Appeals; and the actual condemnation proceeding itself, which includes a valuation of the subject property. All of *300 this takes time, and as EDPL 207 (B) recognizes, the less time the better.[9]
The question facing this court, as a matter of policy, perhaps, as well as law, is whether a condemnation proceeding must await the Court of Appeals’ review of an Appellate Division’s review of a condemnor’s review of a proposed project. As a matter of law, language, and logic, the Appellate Division determination appears to be a “final judicial review,” even though a condemnee may appeal that determination; “appeal-able” and “final” are not mutually exclusive. In the interest of expediency, all condemnation projects should not have to await all possible appeals, given that the Appellate Division or the Court of Appeals could easily and quickly issue a stay in those cases where the particular facts so warrant.
Conclusion
Thus, for the reasons set forth herein, the motion to dismiss or stay is denied; the cross motion to declare the motion a nullity is denied as moot; movant and all property owners who joined in the motion shall not be permitted to interpose an answer to the petition; and the acquisition by eminent domain shall proceed forthwith.

. In addition to the legal bars to condemnation stated above, condemnee argues that there are “important constitutional and public interest considerations that counsel against granting an order of condemnation at this time.” However, for purposes of today’s decision, these arguments are either conclusory and not fully developed in the briefs submitted herein, or, to some extent have been addressed by prior related decisions. (See, e.g., West 41st St. Realty v City of New York, NYLJ, July 31, 2002, at 18, col 3 [Sup Ct, NY County].)

. Apparently, as argued by condemnee, condemnors usually wait until final review by the Court of Appeals before commencing EDPL 401 condemnation proceedings.

3. CPLR 103 (b) states that “[ejxcept where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.”

. The word “final” modifies the words “order or judgment,” not “judicial review.” Had the Legislature wanted condemnees to exhaust all rights to appeal before allowing condemnors to proceed with EDPL article 4 proceedings, . it could easily have said so, either in so many words, or by explicit reference to appeals to the Court of Appeals.

. Without any CPLR 5519 (e) extension, the stay was dissolved when the Appellate Division issued its affirmance, as the stay was self-limited, lasting only, as noted above, “pending hearing and determination of the original proceedings by this Court.”

. Indeed, as noted above, the Court of Appeals has already rejected one request for a stay and is considering a second one.

. The notice of appearance and affirmation in opposition are attached as exhibits to condemnor’s cross motion. A recent search found neither of these documents in the county clerk file or the motion support office, although they may well be located somewhere in the large environs thereof.

. This court notes in passing, however, that as a practical matter Gold-stein’s representation of condemnee as well as other fee and/or fixture claimants is essentially not for the purpose of contesting the right to condemn, but, rather, to insure that adequate time is provided to present claims in the event that the properties are condemned. For this reason, counsel from Davis Polk & Wardwell, as well as from Goldstein, were allowed to be heard at oral argument.

. The Appellate Division order (at 3) noted that the Site 8 South parcel “has been marked for condemnation for some time.”