■ ROBERT P. LYNN, JR., LLC, Respondent, v PATRICK J. PURCELL et al., Appellants. [835 NYS2d 664]—

In an action, inter alia, for a judgment declaring that the defendants have no attorney's lien with respect to a legal fee paid to the plaintiff, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered December 8, 2005, as denied that branch of their cross motion which was for summary judgment on their first counterclaim and, upon searching the record, awarded the plaintiff summary judgment dismissing the defendants' first counterclaim.

Ordered that the order is modified by deleting the provision thereof searching the record and awarding the plaintiff summary judgment dismissing the defendants' first counterclaim; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties, who are attorneys, agreed that they would "work jointly" in representing a client in a commercial litigation matter and that the fee earned as a result of that representation would be divided equally between them. The client did not object to the arrangement and the contemplated action on the client's behalf was initiated by a summons and verified complaint that identified the plaintiff and the defendant Purcell & Ingrao, P.C. (hereinafter Purcell & Ingrao) as the attorneys for the plaintiff. Ultimately, the matter was concluded successfully and the client paid the entire fee to the plaintiff. The plaintiff, however, refused to pay any portion of the fee to the defendants on the ground that the defendants had not satisfied the applicable requirements of the Code of Professional Responsibility governing the division of fees between lawyers who are not affiliated with the same law firm and that, even if it had, the defendants failed to perform the work required of them pursuant to the parties' agreement. This action, in which the plaintiff seeks a declaration that the defendants have no interest in the fee, and the defendants' counterclaim for one half of the fee, plus the share of the disbursements that they advanced, followed.

The Supreme Court denied the plaintiff's motion for summary judgment, finding that an issue of fact was presented as to the value, in quantum meruit, of the legal services provided by the defendants. The Supreme Court also denied the defendants' cross motion for summary judgment on its counterclaim for recovery of the fee and, upon searching the record, dismissed that counterclaim, holding that the fee agreement was unenforceable under the Code of Professional Responsibility. The plaintiff did not appeal from the order of the Supreme Court. The defendants appeal from so much of the order as denied that branch of their cross motion which was for summary judgment on their first counterclaim and, upon searching the record, dismissed their first counterclaim. We conclude, contrary to the holding of the Supreme Court, that the fee arrangement at issue here did not violate the Code of Professional Responsibility. Therefore, we modify the order of the Supreme Court.

Code of Professional Responsibility DR 2-107 (a) (2) (22 NYCRR 1200.12 [a] [2]) permits lawyers who are not affiliated with the same firm to divide a fee for legal services as long as, among other things not relevant here, "[t]he division is in proportion to the services performed by each lawyer or, by a writing given the client, each lawyer assumes joint responsibility for the representation." This disciplinary rule thus allows an attorney, in a situation involving joint representation by attorneys from different firms, to recover a fee disproportionate

to the value of the services provided if the attorneys have assumed joint responsibility for the representation, the client has been advised in writing of the joint representation and the attorneys have agreed to the amount of the fee. "In short, if lawyers in different firms have taken joint responsibility and have given the client a writing to that effect, then they may divide the fees in any way they wish as long as the total fee is reasonable" (Simon, New York Code of Professional Responsibility Annotated at 341 [2006 ed]).

Contrary to the determination of the Supreme Court, there is nothing in the rule that requires that the attorneys involved in the representation either write to the client individually or subscribe jointly to a single writing. Although the rule clearly contemplates the involvement of two or more attorneys, it requires only that there be "a writing" to the client, not multiple writings. There is nothing in the language of the rule that requires that the writing be subscribed.

The writing that was provided to the client here satisfied the rule. Robert P. Lynn, Jr., admits, in his affidavit in support of the motion for summary judgment, that after a meeting with the client at the defendants' office, the parties agreed "to pool our two firm's resources and work jointly on the matter, and share the fee and disbursements equally." The plaintiff then wrote to the client "to confirm our agreement as to the manner in which our firm and the firm of Purcell & Ingrao will undertake to represent you." The letter further provided that "we will work with the firm of Purcell & Ingrao, who will appear as either co-counsel, or as of counsel," as they ultimately did. As the plaintiff recognizes, the "retainer letter dated February 22, 1999 clearly reflects that the Purcell firm and my firm were to equally share the workload and the fee." These admissions were sufficient to establish that the parties undertook joint responsibility for the representation.

The plaintiff's allegations that the defendants subsequently failed to participate in the work that needed to be done to represent the client, while relevant to the plaintiff's claim that the defendants did not satisfy their obligations under the agreement between the parties, does not defeat the defendants' claim that they assumed joint responsibility for the representation. Accordingly, the Supreme Court should not have awarded the plaintiff summary judgment dismissing the first counterclaim. Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.