[906 NE2d 1042, 879 NYS2d 10]

STEVEN B. SAMUEL, ESQ., et al., Respondents-Appellants, v
DRUCKMAN & SINEL, LLP, et al., Appellants-Respondents.

Argued February 17, 2009; decided March 31, 2009

**POINTS OF COUNSEL**

*Pollack, Pollack, Isaac & De Cicco,* New York City (*Brian J. Isaac* of counsel), for appellants-respondents. Defendants are entitled to one third of the total legal fee as set forth in the agreement; plaintiff in the underlying action consented to the fee-sharing agreement negotiated by the attorneys; there was no admissible proof that defendants refused to perform more work; accordingly, the majority erred in not enforcing the agreement according to its terms. (*Teichman v Community Hosp. of W. Suffolk,* 87 NY2d 514; *Bailey v Fish & Neave,* 8 NY3d 523; *Chimart Assoc. v Paul,* 66 NY2d 570; *Greenfield v Philles Records,* 98 NY2d 562; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351, 940; *White v Continental Cas. Co.,* 9 NY3d 264; *First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630, 22 NY2d 827;

*South Rd. Assoc., LLC v International Bus. Machs. Corp.,* 4 NY3d 272; *Vermont Teddy Bear Co. v 538 Madison Realty Co.,* 1 NY3d 470; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157.)

*Mauro Goldberg & Lilling, LLP,* Great Neck (*Barbara De-Crow Goldberg, Kenneth Mauro* and *Elaine Sabino* of counsel), and *Daniel J. Dillon,* Lido Beach, for respondents-appellants. I. Defendants are not entitled to any fee, inasmuch as they failed to comply with Code of Professional Responsibility DR 2-107 (a) (22 NYCRR 1200.12 [a]); in the alternative, defendants should be limited to compensation on a quantum meruit basis. (*Aiello v Adar,* 193 Misc 2d 649; *Robert P. Lynn, Jr., LLC v Purcell,* 40 AD3d 729; *Ford v Albany Med. Ctr.,* 283 AD2d 843; *Nicholson v Nason & Cohen, P.C.,*192 AD2d 473; *Dugan v Dorff Constr. Co.,* 281 AD2d 158.) II. If the Court determines that defendants complied with Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12), the order of the Appellate Division should be affirmed. (*Benjamin v Koeppel,* 85 NY2d 549; *Nicholson v Nason & Cohen,* 192 AD2d 473; *Dugan v Dorff Constr. Co.,* 281 AD2d 158; *Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454; *67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245; *Yudell v Israel & Assoc.,* 248 AD2d 189; *F & M Precise Metals, Inc. v Goodman,* 8 Misc 3d 1028[A], 2005 NY Slip Op 51326[U]; *Borgia v City of New York,* 259 AD2d 648; *Robert P. Lynn, Jr., LLC v Purcell,* 40 AD3d 729.) III. Defendants are not entitled to any interest; in the alternative, the determination of the Appellate Division that defendants are entitled to interest from April 7, 2007 should be affirmed. (*Meiselman v Allstate Ins. Co.,* 197 AD2d 561; *Delulio v 320-57 Corp.,* 99 AD2d 253; *De Long Corp. v Morrison-Knudsen Co.,* 14 NY2d 346; *High Quality Homes, Inc. v Palmer,* 283 App Div 954; *Gilbride v American Tr. Ins. Co.,* 211 AD2d 491.)

**OPINION OF THE COURT**

PIGOTT, J.

Elliot Sinel, Esq. was retained to represent a client and her infant daughter in a medical malpractice action. After conducting an investigation into the merits of the case, Sinel advised the client that he would find suitable trial counsel and eventually contacted Steven B. Samuel, Esq., who agreed to serve in that capacity. On January 16, 2002, Sinel, on behalf of his firm, Druckman & Sinel, LLP, sent Samuel a letter memorializing their fee-sharing arrangement:

"It is agreed that your firm . . . will undertake the

prosecution of the medical malpractice case against Bellevue Hospital on behalf of the [client]. It is also agreed that [your firm] will advance the costs of the litigation of this matter. *Druckman and Sinel, LLP will be compensated at the rate of one-third of the entire legal fee recovered for our participation in this matter, upon its conclusion by settlement, verdict or otherwise*" (emphasis supplied).

Samuel executed the agreement as written.

Sinel then notified the client, in writing, that his firm had retained Samuel's firm as trial counsel and, although that firm would be handling most of the litigation, he would be "assisting and consulting with [Samuel's firm] on a regular basis." Sinel assured the client that she would not incur any additional legal fees for having both firms working on the case. The client consented to this arrangement in writing.

Due to difficulty in prosecuting the case, including responding to an application for a *Frye* hearing, Samuel, of his own volition, brought in another attorney, Steven Pegalis, Esq., from the law firm of Pegalis & Erickson, LLC, to assist in defeating that application. Thereafter, Pegalis assisted Samuel in trying the case and, during the third week of trial, the case settled for $6.7 million, resulting in an attorneys' fee, under the "sliding scale" provision (Judiciary Law § 474-a [2]), of $805,767.30.

Pursuant to Judiciary Law § 474-a (4), which allows a successful attorney in a medical malpractice action to be awarded fees in excess of those set forth in subdivision (2), Samuel and Pegalis moved for an enhanced fee. On June 10, 2005, Supreme Court approved the overall settlement and awarded Samuel and Pegalis attorneys' fees in the amount of $1.9 million, or $1,137,826.41 and $762,173.59, respectively. Samuel forwarded a check to Sinel in the amount of one third of his firm's enhanced fee, but did not include any portion of the fees awarded to the Pegalis firm. Sinel rejected this amount, demanding one third of the entire fee recovered as per their agreement.

Samuel then commenced this declaratory judgment action against, among others, Sinel and Druckman & Sinel, LLP, seeking a declaration that the Sinel firm was not entitled to *any* attorneys' fees due to Sinel's purported violation of Code of Professional Responsibility DR 2-107 (a) (22 NYCRR 1200.12 [a]). That rule provides that:

"(a) A lawyer shall not divide a fee for legal services

with another lawyer who is not a partner in or associate of the lawyer's firm, unless:

"(1) The client consents to employment of the other lawyer after a full disclosure that a division of fees will be made.

"(2) The division is in proportion to the services performed by each lawyer or, by a writing given to the client, each lawyer assumes joint responsibility for the representation.

"(3) The total fee of the lawyers does not exceed reasonable compensation for all legal services they rendered the client."

In his complaint, Samuel claimed that, in failing to advise his client that both firms would be responsible for the representation, Sinel had violated that disciplinary rule and therefore was entitled to no fee.

Sinel interposed an answer with counterclaims, seeking one third of the entire fee as per the agreement. The parties' respective motions for summary judgment were denied (2007 NY Slip Op 30518[U]).

In a 3-2 decision, the Appellate Division majority held that although Sinel had sufficiently complied with DR 2-107, he was entitled to only one third of the *unenhanced* fee of $805,767.30, with interest accruing from April 7, 2007, because he did not participate in the services that resulted in the award of the enhanced fees (*see Samuel v Druckman & Sinel, LLP*, 50 AD3d 322, 323-324 [1st Dept 2008]). The dissenters would have enforced the contract as written, entitling Sinel to one third of the entire legal fee awarded (*see id.* at 325, 330).

The Appellate Division granted both parties leave to appeal from its order and certified the following question to this Court: "Was the order of this Court, which modified the order of the Supreme Court, properly made?" We now modify and answer the certified question in the negative.

■ Contrary to Samuel's contention, the Appellate Division properly found that Sinel complied with DR 2-107. It is clear from the correspondence that the client consented to Sinel's retention of Samuel as trial counsel and was also apprised that Samuel's involvement would not result in an increase in fees. Moreover, Sinel's correspondence adequately conveyed that both firms had assumed responsibility for the representation, noting

that Sinel would be regularly "assisting and consulting with" Samuel.*

■ The Appellate Division erred, however, in disregarding the express language of the fee-sharing agreement and holding that Sinel was entitled to only one third of the unenhanced fee. Where, as here, an agreement "is complete, clear and unambiguous on its face[, it] must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Because the language "one-third of the entire legal fee recovered" is subject to no interpretation other than the one proffered by Sinel, he is entitled to recover that amount.

Moreover, contrary to the holding of the Appellate Division, it is of no moment that Sinel did not contribute to that part of the work that resulted in the award of the enhanced fee. In the realm of fee-sharing disputes, "courts will not inquire into the precise worth of the services performed by the parties" (*Benjamin v Koeppel*, 85 NY2d 549, 556 [1995]). DR 2-107 also makes clear that, regardless of any division of services, where "by a writing given to the client, each lawyer assumes joint responsibility for the representation," attorneys are free to negotiate such division of fees as they deem appropriate (Code of Professional Responsibility DR 2-107 [a] [2] [22 NYCRR 1200.12 (a) (2)]; *see Robert P. Lynn, Jr., LLC v Purcell*, 40 AD3d 729, 730-731 [2d Dept 2007]; *see also* Simon's New York Code of Professional Responsibility Annotated, at 439 [2008]). Further, Samuel, who is bound by the same Code of Professional Responsibility as Sinel, cannot be heard to argue that the fee-sharing agreement and the obligations thereunder must be voided on ethical grounds, when he freely agreed to be bound by and received the benefit of the same agreement, particularly where, as here, there is no indication that the client was in any way deceived or misled (*see Benjamin*, 85 NY2d at 556).

Based on the foregoing, Sinel is entitled to one third of the entire legal fee of $1.9 million, less disbursements expended in the amount of $142,327.01, with interest from June 10, 2005, the date of the entry of the compromise order, the "earliest ascertainable date" the claim existed (*Love v State of New York*, 78 NY2d 540, 544 [1991], quoting CPLR 5001 [b]).

Accordingly, the order of the Appellate Division should be modified, with costs to defendants, by remitting to Supreme

---

* While the better practice would have been for counsel to have expressly stated that Sinel and Samuel were assuming joint responsibility over the matter, there is no indication in this record that such was not the case, nor that the client was misled into believing otherwise.

Court for further proceedings in accordance with this opinion and, as so modified, affirmed and the certified question should be answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order modified, etc.