O'Dwyer v Law Offs. of Rex E. Zachofsky, PLLC (2019 NY Slip Op 01728)





O'Dwyer v Law Offs. of Rex E. Zachofsky, PLLC


2019 NY Slip Op 01728


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


158422/12 8685NA 8685N

[*1] Ginarte, O'Dwyer, et al., Plaintiffs-Respondents-Appellants,
v
The Law Offices of Rex E. Zachofsky, PLLC, et al., Defendants-Appellants-Respondents.


Joshua Annenberg, New York, for appellants-respondents.
Robert & Robert, PLLC, Uniondale (Clifford S. Robert of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 10, 2017, which, inter alia, denied defendants' motion for partial summary judgment on plaintiff's claim for breach of contract, and denied plaintiff's motion to compel discovery, unanimously modified, on the law and the facts, to grant plaintiff's discovery motion, and otherwise affirmed, without costs. Appeal and cross appeal from order, same court and Justice, entered March 29, 2018, denying reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.
Under the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.5(g)(1), a lawyer may not divide a fee for legal services with another lawyer who is not associated with the same firm unless, inter alia, the division is in proportion to the services performed by each, and by writing given to the client, each lawyer assumes joint responsibility for the representation (Samuel v Druckman & Sinel, LLP, 12 NY3d 205, 210 [2009]). Here, the record does not permit resolution of the claim for breach of contract regarding fee-sharing as a matter of law, given plaintiff's partner's affidavit regarding his firm's participation in the contested Workers' Compensation cases, through staff translations, arranging appointments, and performing various other tasks associated with those cases.
We grant plaintiff's motion to compel defendants to provide access to the Workers' Compensation Board's eCase system with
respect to the cases referred to defendants by plaintiff because the information sought is material and necessary.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK