| |
|---|
| **Greene v City of New York** |
| 2024 NY Slip Op 34142(U) |
| November 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 114336/2010 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. HASA A. KINGO | PART 05M |
| | *Justice* | |

-------------------------------------------------------------------------------X

KENNETH R GREENE,

|                           | INDEX NO. | 114336/2010 |
|---|---|---|
| Plaintiff, | MOTION DATE | 06/27/2024 |
| - v - | MOTION SEQ. NO. | 002 |

CITY OF NEW YORK, CONSOLIDATED EDISON
COMPANY OF NEW YORK, INC.,NICO ASPHALT PAVING,          **DECISION + ORDER ON**
INC.,                                                                              **MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for                    HEARING                    .

Upon the foregoing documents, Evan M. LaPenna, Esq. of LaPenna Law, PLLC moves pursuant to Judiciary Law § 475 for an allocation of respective net contingency fees in this matter. Upon review and following oral argument, the motion is granted in part, and to the extent set forth herein.

## BACKGROUND

Plaintiff Kenneth R. Greene ("Plaintiff") commenced this action to recover damages he incurred as the result of a trip and fall accident on March 11, 2010 (NYSCEF Doc No. 37, LaPenna aff in support ¶ 4). Plaintiff thereafter retained Wayne I. Harris ("Harris") to represent him, and Harris commenced the action on Plaintiff's behalf by filing a summons and complaint on November 1, 2010 (NYSCEF Doc No. 2, County Clerk's minutes). The matter then proceeded to discovery. Harris served as Plaintiff's sole counsel throughout the discovery phase of the litigation until June 16, 2015, when Harris entered into a "Trial Counsel Retainer Agreement" of the same date with Paris & Chaikin, PLLC ("Paris & Chaikin") (NYSCEF Doc No. 30, retainer agreement). The retainer agreement provides that Harris and Paris & Chaikin would "share joint responsibility for this case and that the legal fee regarding this matter shall be divided between the two law firms with forty-five percent (45%) of the legal fee being paid to Paris & Chaikin [], with the remainder of the legal fee being paid to [Harris]" (*id.*). In relevant part, the agreement further provides that Paris & Chaikin would "undertake all work which needs to be done on this case from the date of the conveyance of the file forward," but Harris would be "ultimately responsible for the costs from that point forward as well as for the costs of the trial" (*id.*).

The movant, Evan LaPenna, Esq. ("Mr. LaPenna"), was an associate at Paris & Chaikin from April 2014 until December 2016 (NYSCEF Doc No. 37, LaPenna supp aff in support ¶ 1).

**114336/2010   GREENE, KENNETH R. vs. CITY OF NEW YORK**                    **Page 1 of 5**
**Motion No.  002**

1 of 5

In an affirmation submitted in support of the motion, LaPenna attests that he was the primary associate assigned to the matter during the time that Paris & Chaikin served as Plaintiff's trial counsel (*id.* ¶ 5). He further attests that "less than five hours of attorney work were spent on this file" during this time (*id.*). On or about March 7, 2017, Mr. LaPenna left Paris & Chaikin and joined Elefterakis Elefterakis & Panek ("Elefterakis"), and Plaintiff retained Elefterakis as counsel in this matter (*id.* ¶ 6; NYSCEF Doc No. 23, LaPenna aff ¶ 3). On or about December 10, 2020, LaPenna left Elefterakis and joined Chaikin LaPenna, PLLC ("C&L"), and Plaintiff retained C&L as counsel (NYSCEF Doc No. 37, LaPenna supp aff in support ¶¶ 6, 14; NYSCEF Doc No. 23, LaPenna aff ¶ 4). Finally, on or about May 9, 2022, Mr. LaPenna formed LaPenna Law, PLLC ("LP Law"), and Plaintiff retained LP Law as counsel (NYSCEF Doc No. 37, LaPenna supp aff in support ¶¶ 6, 14; NYSCEF Doc No. 23, LaPenna aff ¶ 5). Mr. LaPenna continued to handle the matter as lead counsel throughout this time (NYSCEF Doc No. 37, LaPenna supp aff in support ¶¶ 5-7, 14, 17, 24). Following extensive litigation, the matter settled for $2,225,000.00 on or about December 21, 2023 (NYSCEF Doc No. 54, Judgment). The total attorneys' fees received in connection with the settlement are 33 1/3 of this amount, or $741,666.67.

On June 27, 2024, Mr. LaPenna filed this motion, by order to show cause, seeking an allocation of attorney's fees to the various firms that served as counsel to Plaintiff during the pendency of the matter. This court signed the order to show cause and the motion was made returnable on July 30, 2024 (NYSCEF Doc No. 24, order to show cause). On July 31, 2024, this court issued an order that granted the motion to the extent of ordering a briefing schedule and conference and/or hearing to determine the appropriate fees (NYSCEF Doc No. 28, order). The order directs that all responsive papers shall be filed no later than September 6, 2024, and that a conference and/or hearing would be held on October 8, 2024 (NYSCEF Doc No. 28, order). On August 20, 2024, Paris & Chaikin and C&L filed a letter response stating no opposition to a briefing schedule and hearing for the allocation of fees with the court or a Special Referee (NYSCEF Doc No. 29). The letter response offers no substantive opposition to the motion, but notes and attaches a copy of the "Trial Counsel Retainer Agreement" (NSYCEF Doc No. 30).

On September 6, 2024, Harris filed an affirmation in support of the application wherein he argues he should receive 55% of the total fee (NYSCEF Doc No. 31). The affirmation provides information regarding Harris' work as Plaintiff's counsel and attaches copies of relevant court filings and documents (NYSCEF Doc Nos. 31-36). On the same date, Mr. LaPenna filed a second affirmation in support of his application, which outlines the procedural history of the case, representation history, and the work that he performed on the case while employed at each firm (NYSCEF Doc No. 37). In his affirmation, Mr. LaPenna argues that the fees should be divided based on a proportionate share of the work performed on the whole case with 55% to Harris, 5% to Paris & Chaikin, 15% to Elefterakis, and 25% to C&P and LP Law, payable to Mr. LaPenna. The LaPenna affirmation attaches copies of a retainer agreement and relevant filings and other case documents (NYSCEF Doc No. 38-55). Neither Elefterakis, Paris & Chaikin, nor C&L filed additional responsive papers.

On October 8, 2024, Mr. LaPenna, Ian Chaikin ("Mr. Chaikin"), and Jason L. Paris ("Paris") appeared pursuant to the court's scheduling order. At the appearance, Mr. LaPenna stated that Mr. Harris could not appear due to a medical condition, but Mr. LaPenna argued in favor of an award of 55% of the fee to Mr. Harris, with the remainder divided as proposed in the motion

**114336/2010 GREENE, KENNETH R. vs. CITY OF NEW YORK**
**Motion No. 002**

**Page 2 of 5**

2 of 5

[* 2]

papers based on each firm's proportionate share of the work performed on the whole case. Mr. Paris and Mr. Chaikin argued that Paris & Chaikin should be awarded 45% of the total fee or 45% of the total amount awarded to Harris and Paris & Chaikin combined, as set forth in the retainer agreement. Mr. Paris and Mr. Chaikin also requested additional time to submit responsive papers for the motion. This request was granted and the court set a deadline of November 8, 2024 for responsive papers and November 22, 2024 for reply. The appearance was adjourned to November 26, 2024. No additional papers were submitted by either party.

## DISCUSSION

Upon commencement of an action, an attorney representing the plaintiff has a lien upon their "client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come" (Judiciary Law § 475). This charging lien automatically comes into existence upon commencement of the action without notice or filing (Judiciary Law § 475; *Resnick v Resnick*, 24 AD3d 238, 239 [2005]). "A client may terminate [their] relationship with an attorney at any time, with or without cause," however, the attorney retains the charging lien in the absence of demonstrated discharge for cause, attorney misconduct, or abandonment by the attorney (*Kasmin v Josephs*, 228 AD3d 431, 432 [1st Dept 2024]; *Coccia v Liotti*, 70 AD3d 747, 757 [2d Dept 2010]).

"As against the client, a discharged attorney may recover the fair and reasonable value of the services rendered, determined at the time of discharge and computed on the basis of quantum meruit" (*Cohen v Grainger, Tesoriero & Bell*, 81 NY2d 655, 658 [1993] [internal quotes and citations omitted). However, when a fee dispute is between attorneys, the discharged attorney "may elect to receive compensation immediately based on quantum meruit or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case" (*id.*). If the attorney does not make an election at the time of discharge, there is a presumption that a proportionate share of the contingent percentage fee is desired (*id.* at 659). An award of a reasonable attorney's fee is within the sound discretion of the Supreme Court based upon such factors as the time and labor required, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed (*see Matter of Freeman*, 34 NY2d 1, 9 [1974]).

Although there can generally be only one attorney of record, fee sharing agreements between two law firms are permitted under New York law (*Stinnett by Stinnett v Sears Roebuck & Co.*, 201 AD2d 362, 365 [1st Dept 1994]). It is well established that "an agreement between attorneys for division of a legal fee is valid and is enforceable in accordance with the terms set forth in the agreement, provided that the attorney who seeks his share of the fee contributed some work, labor or service toward the earning of the fee" (*Oberman v Reilly*, 66 AD2d 686, 687 [1st Dept 1978]; *Stinnet*, 201 AD2d at 365 ["It is well settled that such an agreement will be upheld according to its terms where the referring attorney contributed some work, labor or service toward the earning of the fee"]). It is undisputed that Harris and Paris & Chaikin entered into the retainer agreement and agreed to be bound by its terms. It is also undisputed that Paris & Chaikin performed legal work on Plaintiff's behalf between April 2014 until December 2016. "It has long been understood that in disputes among attorneys over the enforcement of fee-sharing agreements the

**114336/2010   GREENE, KENNETH R. vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 3 of 5**

3 of 5

courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either refused to contribute more substantially" (*Benjamin v Koeppel*, 85 NY2d 549, 556 [1995]). Whereas Paris & Chaikin contributed to the legal work and there is no such claim that it refused to contribute more substantially, the agreement is valid and enforceable according to its terms (*see Samuel v Druckman & Sinel*, LLP, 12 N.Y.3d 205, 210 [2009]; *Sickmen v Birzon, Szczepanowski & Quinn*, 276 AD2d 689, 689 [2d Dept 2000]; *Matter of Fuller*, 122 AD2d 792, 792 [2d Dept 1986]). Failure to enforce a valid fee sharing agreement is reversable error (*see Samuel v Druckman & Sinel, LLP*, 12 NY3d 205, 210 [2009] [Court of Appeals reversed Appellate Division where it disregarded express language of fee sharing agreement]; *Marin v Const. Realty, LLC*, 128 AD3d 505, 513 [1st Dept 2015], *affd as modified on other grounds*, 28 NY3d 666 [2017] [trial court order reversed where it awarded fee on basis of quantum meruit rather than agreed upon percentage]).

Harris argues that the retainer agreement between Harris and Paris & Chaikin demonstrates that the parties agreed that "Harris' fair share of the work performed by Harris up to that point was worth 55% of the legal fee" (NYSCEF Doc No. 31, Harris aff ¶ 12). This interpretation is consistent with an attorney who elects, at the time of discharge, to receive a contingent percentage fee based on his or her proportionate share of the work performed on the whole case. However, there is no evidence that Harris was discharged as Plaintiff's counsel when the parties entered into the retainer agreement. Rather, the retainer agreement states that the Harris and Paris & Chaikin agreed to "share responsibility" for the matter and would split the jointly-earned fee 55% to 45%. Harris also retained authority for certain costs of the litigation and final authority regarding any settlement offers (NYSCEF Doc No. 30, retainer agreement). The retainer agreement further states that it would be provided to Plaintiff, who would be asked to execute the agreement. Taken together, these terms demonstrate that the two firms agreed to work together for the duration of the case and were, therefore, united in interest as counsel to Plaintiff. Subsequently, both firms were jointly discharged, and Plaintiff retained Elefterakis, then C&L, and finally, LP Law. None of the firms elected to receive compensation immediately based on quantum meruit, and are therefore deemed to have elected a contingent percentage fee based on his or her proportionate share of the work performed on the whole case (*Cohen*, 81 NY2d at 658). Because they are united in interest, Harris and Paris & Chaikin must be treated as one actor for the purpose of calculating the fee for each period of representation, and the portion of the overall fee awarded to them split according to the terms of the agreement between them. It is not within the court's discretion to set aside the retainer agreement in favor of a quantum meruit calculation as suggested by Mr. LaPenna and Mr. Harris (*see Samuel v Druckman & Sinel*, LLP, 12 NY3d at 210; *Marin v Const. Realty, LLC*, 128 AD3d at 513).

Harris handled the matter beginning on or about September 2010 continued exclusive representation through June 2015 when Paris & Chaikin was retained as trial counsel. Harris prepared for and conducted the 50-h hearing, prepared, filed and served the summons and complaint, managed all discovery, attended all conferences, conducted five depositions, and filed the note of issue (NYSCEF Doc No. 31, Harris aff ¶¶ 3-10). Paris & Chaikin handled the matter as trial counsel from mid-2015 until March 2017. LaPenna attests that he handled the matter as an associate at Paris & Chaikin during this time and billed approximately five hours of time opposing a motion for summary judgment, which was ultimately denied (NYSCEF Doc No. 37, LaPenna supp aff ¶ 5). Elefterakis represented Plaintiff from March 2017 until December 2020. This

**114336/2010   GREENE, KENNETH R. vs. CITY OF NEW YORK**                    **Page 4 of 5**
**Motion No.  002**

[* 4]                                                    4 of 5

included approximately 12 court conferences (*id*., exhibit B). The firm also conducted post-note discovery, trial preparation, and conducted additional discovery after the note of issue was vacated and prepared the matter for trial (*id*. 6-7).

Mr. LaPenna contends, without contradiction, that he is entitled to payment of the award to C&L due to a separate agreement with the firm (NYSCEF Doc No. 56, transcript at 11). As such, it is appropriate for the court to consider the work completed by these firms together. C&L represented Plaintiff from December 2020 until May 2022, and LP Law represented Plaintiff from May 2022 until the matter was settled in December 2023 (*id*. ¶¶ 6-7). During the C&L and LP Law representation, Mr. LaPenna conducted additional post-note discovery, trial preparation, negotiated the settlement, and engaged in collection efforts needed to ensure payment of the settlement proceeds (*id*. ¶¶ 14-25).

Mr. LaPenna proposes that the fee should be divided based on a proportionate share of the work performed on the whole case with 55% to Harris, 5% to Paris & Chaikin, 15% to Elefterakis, and 25% to C&L and LP Law, payable to Mr. LaPenna. Mr. Harris joins in the application for 55% of the fee based on his proportional share of the work completed. No other party has offered an alternative break down. Nevertheless, it is incumbent on this court to determine the appropriate award for each period of representation based on a review of the time and labor required to litigate the case, the difficulty of the issues involved, the skill required to handle the matter, and the effectiveness of the legal work performed (*Freeman*, 34 NY2d at 9). Upon consideration of these factors, this court finds that the proportionate shares proposed by Mr. LaPenna to be reasonable and appropriate. Therefore, the attorney fee award shall be divided as follows: 33% of the total award to Harris; 27% to Paris & Chaikin; 15% of the total award to Elefterakis; and 25% to C&L and LP Law, jointly. The awards to Harris and Paris & Chaikin represent 60% of the total award, divided 55% to Harris and 45% to Paris & Chaikin, as set forth in the retainer agreement.

Accordingly, it is

ORDERED that the motion is granted and the attorney fess shall be divided as set forth herein.

This constitutes the order and decision of the court.

| 11/25/2024 | | HASA A. KINGO, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**114336/2010   GREENE, KENNETH R. vs. CITY OF NEW YORK**
**Motion No.  002**

Page 5 of 5